JOHN FRY, jun. *against* ADAM DRESTLER.

An action of crim. con. is not supportable by the husband, after an agreement of separation made with his wife.

MOTION for a new trial. The cause had been tried before M'Kean Chief Justice and Shippen Justice, at Lancaster, at the last April assizes ; and the latter now made the following report of the evidence.

This was an action for criminal conversation. The defendant pleaded not guilty, and the act of limitations.

The plaintiff proved his marriage in 1785, and proof was likewise given of a criminal conversation between the defendant and plaintiff's wife, within a year or two after the marriage. In 1787, the plaintiff's wife refused to leave her father's house, and live with her husband ; whereupon the plaintiff advertised in the public newspapers and likewise by many hand bills, that he warned every body from giving her credit on his account, and that he was determined never to cohabit with her again. About this time, the plaintiff got some arbitrators to attend at the house of his wife's father, to settle accounts between them. The wife there again refused to go and live with her husband, although he offered to take her. The arbitrators allowed the plaintiff 27*l.* for doing the work of a farmer, &c. on the father-in-law's plantation, but deducted 12*l.* for boarding his wife and keeping his mare, finding a balance of 15*l.* due to the plaintiff, for which his father-in-law gave his note. It was then agreed, that Fry and his wife should separate, and that either should be at liberty to marry whom they pleased ; although some of the witnesses proved, this was agreed to by Fry with great reluctance as he wished to take his wife home with him. However from this time they actually did live separately, and had no connection with each other. About four months after the separation, the defendant married the plaintiff's wife took her home and they have ever since cohabited together as man and wife, having two children living. The action was brought on the 26th April 1794.

The court directed the jury that as to the criminal conversation before the separation, the defendant was secured by the act of limitations. As to the subsequent cohabitation of the plaintiff's wife with the defendant, it was after an agreement between the plaintiff and his to separate, and an actual separation in consequence. If the jury found a mutual agreement to separate, the plaintiff's action was not supportable.

The jury however, found a verdict for the plaintiff, and gave 227*l.* damages.

Messrs. C. Smith and Hopkins for the plaintiff, and Messrs. Montgomery and M'Kean for the defendant, submitted the motion to the court's decision, without argument.

*Per cur.* The law is perfectly clear, that where husband and wife live in a state of separation, an action for criminal conversation cannot be maintained. 5 Term Rep. 357. Espin. Ni. Pri. 16. Though the defendant may be punished by indictment for the offence, yet he is not amenable to the plaintiff in damages for depriving him of the society of his wife, whom he had before parted with, with his full consent. The case before us under all its circumstances requires re-examination, and therefore on payment of costs,

New trial awarded.

This action came on again to be tried, before shippen and Yeates Justices, at Lancaster, on the 13th April 1798, when some fresh evidence was given, and the point was submitted to the jury, whether the consent to separation on the part of the plaintiff, was voluntary or constrained. If they were not satisfied of his consent, they were instructed to find discreet and temperate damages, proportioned to the injury sustained, under all the circumstances of the case. The jury found for the plaintiff 150*l.* damages.