LOUISA KONITZKY et al., Respondents, v. HENRY J. MEYER, Appellant.

Where an order is sent to a merchant or manufacturer of goods in which he deals, silent as to price, and the order is accepted, the law fixes the price at the current rate at which the goods are sold, and the party ordering is equally bound as if the price had been stated in the order. So where an order is given for two articles mixed, to a manufacturer of such a mixture, without specifying the proportion of each article, the manufacturer is empowered to compound the same in the usual manner ιn which the mixture is prepared for market, and an acceptance of the order makes a valid contract to that effect.

Where one party, at the request of another, enters into a contract as

surety for the latter, the law implies a promise of indemnity, and the indemnitor is bound by a judgment in a suit brought against such party upon the contract, of which suit the indemnitor has notice, although there is no provision to that effect in his contract, and a foreign judgment has the same effect in this respect as one of our own courts.

(Argued May 30, 1872; decided June 4, 1872.)

APPEAL from judgment of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover the amount of a judgment obtained against plaintiffs in the upper or superior Court of Appeals of the four free cities of Germany, in an action brought against them by the firm of J. C. Grundmun & Co., upon a contract made with that firm by plaintiffs, by which they agreed to accept and pay, as sureties for defendants, bills for the purchase price of a quantity of chickory, and chickory mixed with acorns, and which contract was broken by plaintiffs under direction of defendant.

The facts pertinent to the questions presented appear sufficiently in the opinion.

*Erastus Cooke* for the appellant. The terms of an agreement to indemnify must be strictly pursued. (*Stewart* v. *Ranny*, 26 How. P. R., 279; *Walrath* v. *Thompson*, 6 Hill, 540; *Leeds* v. *Dunn*, 10 N. Y. Rep., 469.) A judgment against the party indemnified does not bind the indemnitor, unless the contracts so stipulate. (*B. F. & M. Ins. Co.* v. *Wilson*, 7 Bosw., 435.)

*John H. Reynolds* for the respondents. Defendant's contract with plaintiffs was one of indemnity, and the recovery against plaintiffs is conclusive upon defendant. (*Douglas* v. *Howland*, 24 Wend., 45; 2 R. S., 453; 15 N. Y., 407; 10 Gray, 499; *City of Boston* v. *Northington et al.*, 10 Gray, 449; *Aberdeen* v. *Blackman*, 6 Hill, 324; *Beers* v. *Pinney*, 12 Wend., 309; *Trustees of Newburgh* v. *Gallatin*, 4 Con., 340; *Given* v. *Driggs*, 1 Caine, 350; *Stone* v. *Hooker*, 9 Cow.,

154; *Lee* v. *Clark*, 1 Hill, 56; *Holmes* v. *Weed*, 19 Barb., 128; Cowen & Hill's Phillips on Ev., notes, vol. 3, p. 891; *Barney* v. *Patterson's Lessee*, 6 Har. & Johns., 182, 202, 203; *Smith* v. *Lewis*, 3 Johns., 168, 169, per KENT, Ch. J.; *James* v. *Allen*, 1 Dalls., 188; note to *Andrews* v. *Herriott*, 4 Cow., 520, 521; 3 Dall., 372, note; *Barney* v. *Patterson's Lessees*, 6 Har. & Johns, 182, 202, 203; *Grant* v. *McLaughlin*, 341; see *Thompson* v. *Tolime*, 2 Peters, 157; *Smith* v. *Lewis*, 3 J. R., 157, 168, 169; *Griswold* v. *Pitcairn*, 2 Conn., 85, 92; *Taylor* v. *Phelps*, Harr. & Gill, 492; *Holmes* v. *Remsen*, 4 J. Ch., 406; 20 J. R., 229; *Embree* v. *Hanna*, 5 J. R., 101; *Bissell* v. *Briggs*, 9 Mass., 462, 468; *Howe* v. *Parker*, 3 Mason, 247, 251; *Wheeler* v. *Raymond*, 8 Cow., 311; *Perkins* v. *Parker*, 1 Mass., 117, note; *Andrews* v. *Spuckman*, 12 G. & R., 286; *Lazier* v. *Westcott*, 26 N. Y., 146; *Crowson* v. *Leonard*, 4 Cranch, 434, 441, 442 [see ante, note 626, as to the States in which this doctrine has been recognized]; *Bissell* v. *Briggs*, 9 Mass., 462; *Rapelye* v. *Emery*, 2 Dall., 231; S. C., id., 51; *Hoxie* v. *Wright*, 2 Vt., 269.)

GROVER, J.   The grounds of the objection to the admissibility of the judgment in Grundmun & Co. against plaintiffs, rendered by the Superior Court of Appeals of the four free cities of Germany, stated, were : 1st. That the record was not properly authenticated.  2d. That it was irrelevant.  The first ground was too general to raise any question for the consideration of an appellate court.   It failed to call attention to any defect whatever in the authentication.   If there was any defect, the counsel should have specified it so as to call the attention of the court and opposite party directly to it.   The second ground was sufficient to raise the question whether the record was admissible for any purpose.   The defendant was not a party to the action.  *Prima facie*, he was not bound by the judgment, and to make it evidence against him in favor of the plaintiffs, they were bound to show *aliunde* that it was rendered against them in favor of Grundmun & Co. upon a transaction against which the defendant was bound

to indemnify them. If it was, the record was competent evidence; otherwise not. (*The Bridgeport Ins. Co.* v. *Wilson,* 34 N. Y., 275.) The inquiry is whether the proof showed that the defendant was so bound. The evidence showed that the plaintiffs were bankers and commission merchants residing at Bremen, in Germany. That the defendant was a merchant residing in New York. That Grundmun & Co. were manufacturing chickory meal and other commodities, residing and carrying on their business at Nienburgh, in Germany. On the 18th December, 1858, the defendant wrote the plaintiffs a letter, inclosing one to Grundmun & Co., containing an order for fifty barrels coarse-ground chickory meal, of from four to five hundred pounds each, and for fifty barrels of like meal mixed with acorns, which he requested the plaintiff to forward to Grundmun & Co., and in case of the acceptance and execution of the order by them, to accept drafts of Grundmun & Co. for the price, upon the receipt by the plaintiffs of the goods at Bremen, which goods the plaintiffs were requested to ship as directed to the defendant at New York. Upon receipt of the letter, the plaintiffs forwarded the one inclosed for Grundmun & Co. in a letter of their own, to that house, by which they requested them to execute the order of the defendant, and promised to honor their draft at three or four months after the date of the invoice. Directly after the receipt of these papers, Grundmun & Co. wrote the plaintiffs, acknowledging their receipt and promising to execute the order. This constituted a valid contract between the defendant and Grundmun & Co. for the purchase by the former and sale by the latter of the goods specified in the order, and a contract by the plaintiffs to accept the drafts of Grundmun & Co. for the price, as surety for the defendant. It is insisted by the counsel for the appellant that it was not a valid contract, for the reason that the price of the goods was not fixed, nor the proportions of chickory and acorns in the mixture were not specified. When an order is sent to a merchant or manufacturer for goods in which he deals, silent as to the price, and the order is accepted and executed, or simply accepted, the law fixes

the price at the current rate at which they are sold, and the party ordering the goods is equally bound to pay this price as if it had been so stated in the order. Giving an order for fifty barrels of chickory meal mixed with acorns to a manufacturer of this article, without specifying the proportions of each, empowers the manufacturer to compound the same in the usual manner in which the mixture is prepared for market. That, it appears, was the course pursued by Grundmun & Co. in the execution of the defendant's order.

It is further insisted by the counsel, that the plaintiffs departed from the instructions of the defendant by undertaking to accept drafts at three or four months from the date of the invoice, instead of the receipt of the goods by them, as directed by the defendant. The answer to this is, that the undertaking by the plaintiffs related only to the time at which the bills were to bear date and time when the term of credit should begin to run, and not to the time of actual acceptance. The course pursued in regard to the fifty barrels of coarse chickory meal which were delivered, forwarded to the defendant and paid for, shows that there was a perfect understanding by all parties upon this point. A valid contract having been proved, there is nothing found in the vast amount of subsequent correspondence tending to show a release of any of the parties from its obligation. The fifty barrels of pure chickory flour were promptly delivered by Grundmun & Co. and paid for in pursuance of the contract. Grundmun & Co. proceeded with diligence to manufacture the mixture as ordered and notify the plaintiffs thereof and of their readiness to deliver the same pursuant to the contract. The plaintiffs refused to accept the same, and the correspondence shows that their refusal was pursuant to the directions of the defendant. He cannot, therefore, complain of this. The correspondence, instead of showing any release or modification of the original contract, shows that Grundmun & Co. were at all times insisting upon its performance and endeavoring to arrange details so as to produce this result. It follows that the proof showed that the plaintiff, at the request of the defendant, had entered into

a valid contract to accept and pay bills as surety for him. That they had failed to perform this contract by direction of the defendant. That for this breach a suit was commenced against them in the Tribunal of Commerce of Bremen, in which, upon appeal to the Superior Court of Appeals of the four free German cities, the court of last resort, judgment was given in favor of Grundmun & Co. against the plaintiffs, and they were thereby compelled to and did pay for the fifty barrels of mixture. When one party, at the request of another, enters into a contract as his surety, the law implies a promise of indemnity. The plaintiffs gave the defendant notice of the suit of Grundmun & Co. against them. The record under these facts was competent evidence against the defendant in favor of the plaintiffs. A foreign judgment has the same effect in this respect as one of our own courts. (Note to *Andrews* v. *Herriot,* 4 Cow., 520.) The position of the counsel, that an underwriter is not bound by a suit brought against the party he is bound to indemnify, in the absence of a provision in his contract to that effect, cannot be sustained either upon principle or authority. The law is otherwise. *(Fire Ins. Co.* v. *Wilson, supra.)* The fact proved that one of the members of plaintiffs' firm died during the pendency of the action of Grundmun & Co. and before the rendition of judgment therein, does not vitiate the judgment. By the common law, the entire legal liability survived against the surviving member who was a party, and against whom the judgment was given. Continuing the name of the deceased was a mere nullity, not vitiating the judgment against the survivor. Whether the law of Bremen is the same, it is not necessary to determine. It was proved that the interest of the deceased in the plaintiffs' firm passed to his widow, who still owned the same. She was, therefore, not only a proper, but necessary party to the action. The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.