Dubois v. Hermance.

---

DUBOIS *et al.* v. HERMANCE *et al.*

*Fraud — when not a defense — rescission of contract for — Evidence — Notice, when not available — Judgment against surety conclusive on principal.*

Plaintiffs sold defendants a mill and other real estate, and, at the same time, transferred all their contracts for the purchase and sale of lumber for the year 1869, defendants agreeing to perform all of said contracts. Defendants neglected to perform one of the contracts for sale with W. & Son, and W. & Son brought action for the breach against plaintiffs. Plaintiffs called upon defendants to defend but they refused, and W. & Son recovered judgment, which plaintiffs paid. In an action to recover the amount paid, defendants set up that plaintiffs had made the false representation that they had contracts to purchase sufficient to fill those to sell. *Held,* that such false representations were not a defense to the action.

If an agreement is to be rescinded upon the ground of fraud, the party rescinding must surrender all the advantages he may have acquired thereby. He cannot take all that is valuable in an agreement, and, at the same time, resist those parts which impose burdens.

The defendants offered evidence to show that they gave notice to the plaintiffs that the contract with W. & Son would not be performed at a time when plaintiffs could have had it filled without loss. *Held*, inadmissible. The defendants imposed no duty on plaintiffs by giving such notice.

The judgment against plaintiffs was conclusive as to the damages in the absence of fraud and collusion.

PLAINTIFFS and J. H. Decker, on the 3d day of February, 1869, sold defendants certain real estate consisting of mills, stone house and docks at Napanock, and plaintiffs at the same time sold and transferred to defendants all plaintiffs' contracts for the purchase or sale of lumber for the year 1869. The total consideration to be paid therefor by defendants was $10,500, and defendants agreed to perform all of said plaintiffs' contracts for purchase or sale of lumber. An agreement setting forth these and other facts, was reduced to writing and signed and sealed by all the parties thereto.

Among the contracts to sell lumber was one between the plaintiff and J. C. Ward & Son for 500,000 feet of lumber. The defendants did not perform that contract. Ward & Son sued plaintiffs for the breach. Defendants were notified of the suit and requested to defend the same, but refused. Judgment was recovered against the plaintiffs in that action for $2,288.38, on the 19th day of April, 1870, which was paid by these plaintiffs on the 23d day of June, 1870, at the sum of $2,367.72.

The plaintiffs now bring this action to recover of the defendants the amount so paid and their own expenses in defending said action.

The defendants, by their answer, deny the allegations of the complaint, and for a second answer set up that they were defrauded into the making of said contract by plaintiffs' representations that they had contracts to purchase lumber sufficient to fill all their contracts to sell. That such representations were false, whereby defendants had not the lumber to fill this contract.

Upon the trial the court ordered a verdict for the plaintiffs for the amount of such judgment, together with the plaintiffs' costs and expenses incurred in defending said action.

Defendants moved for a new trial and the motion was ordered to be heard in the first instance at the general term.

*Chas. A. Fowler*, for plaintiffs.

*T. R. Westbrook*, for defendants.

BOARDMAN, J. Upon the trial defendants offered to prove false representations made by plaintiffs as to their contracts for the purchase of lumber.

1. As affecting the defendants' relations with one Tuthill (to whom the defendants transferred the Ward contract), and by reason of which Tuthill refused to perform it.

2. As a substantial defense to the action.

The evidence was not admissible for either purpose. The defendants' contract with Tuthill was not involved in the issue.

It is difficult to see how the defendants could be benefited by any position which Tuthill might have taken. They are defending against their own alleged breach of contract. Concede that Tuthill took the Ward contract off defendants' hands upon the same representations by plaintiffs that induced the defendants to take it. He is not here defending. He is not a party to the action. His failure to perform the contract, and thus relieve the defendants from responsibility, is in no possible way a defense to the action. His misconduct may be available to defendants in an action by them, but it cannot be substituted and insisted upon as an excuse for defendants. Besides, no such defense is set up in the answer. Nor can such evidence be interposed as a defense to the action. The Ward contract was but a small part of the entire consideration upon which the agreement between these parties was founded. The acceptance of that contract by defendants imposed an obligation upon them for which it may be assumed they were adequately paid by other portions of the agreement. It will not be permitted that a party shall take all that is valuable under an agreement, and at the same time resist those parts of the agreement which impose burdens on him, upon charges of fraud.

If the agreement is to be rescinded upon the ground of fraud, the party rescinding must surrender all advantages which he may have acquired thereby.

This principle is conceded by defendants. They endeavor to escape its effects by claiming that this contract was separate from every thing else agreed upon, and hence subject to such defense.

But there is nothing in the evidence warranting such conclusion. The agreement between the parties repels such suggestion.

The contract in all its parts was made at one time. There was but one consideration named for the whole $10,500, of which this contract is spoken of, as part of the contract of purchase and part

of the consideration for which such purchase-money was paid. It seems impossible to separate the Ward contract from the remainder of the agreement, or to treat the transfer of it as a separate contract.

As a consequence, fraud, as a defense to this action, cannot be sustained, and the rulings of the court are correct.

If the defendants had set up the fraud by way of counter-claim, and sought to recoup the damages against plaintiffs' claim, a different question would have been presented. It is sufficient that the pleadings do not present that possible view of the case.

. The defendants further took exceptions to the admission in evidence of the judgment against the plaintiffs in favor of Ward & Son, and to the exclusion of evidence offered by the defendants, that they in due season notified plaintiffs that defendants would not perform the contract with Ward & Son, and that plaintiffs could have filled it elsewhere without loss.

These exceptions present for consideration the rule of damages applicable to this case.

The fulfillment of Ward & Son's contract, after the agreement of February 3, 1869, became the duty of the defendants. They became the principals in that matter and the plaintiffs merely sureties. *Holmes* v. *Weed,* 19 Barb. 128; *Vanschaick* v. *Third Av. R. R. Co.,* 38 N. Y. 346.

Such being their relations the law implies a contract on the part of the principal to indemnify the surety. *Vartie* v. *Underwood,* 18 Barb. 561; *Konitzky* v. *Meyer,* 49 N. Y. 571. Perhaps the express contract of defendants "to carry out the same," referring to said lumber contracts, would be enough to avoid the necessity of relying upon such principle.

If these principles be correct the defendants imposed no duty upon the plaintiffs by giving notice that they (the defendants) should not fulfill this contract, and such evidence was, therefore, inadmissible.

The same reasoning applies to the offer to prove that plaintiffs could have filled the Ward contract elsewhere without loss. If plaintiffs could have filled the contract, the defendants, according to the offer, knew how it could be done, and could have equally filled it. Plaintiffs, by their sale, had divested themselves of the means of performing such a contract. Ward & Son were entitled to their actual damages for the breach of contract. The wrong and neglect of defendants cannot be imputed by them to plaintiffs.

Barton v. The N. Y. Central and Hudson River R. R. Co.

Each is liable for the actual damages suffered by Ward & Son. Plaintiffs to Ward & Son and defendants to plaintiffs.

The judgment of Ward & Son, recovered against plaintiffs after notice to defendants, who refused to defend, is evidence against the defendants. They are in privity with plaintiffs in this contract. *Mayor, etc., of Troy* v. *Troy & Lans. R. R. Co.*, 3 Lans. 270 ; Sedg. on Damages, 371 ; *Holmes* v. *Weed*, 19 Barb. 128.

So far as the damages are concerned the judgment is conclusive in the absence of fraud or collusion. The cases cited by defendants are not in point.

They are all actions directly for breach of contract and for damages resulting therefrom. That was the case between Ward & Son and the plaintiffs. The cases cited would have been authority there. But here, where the time for defending on such legal principles is past, a different rule prevails, and that is, that the principal must answer to his surety for whatever damages such surety has been compelled to pay by reason of the principal's default. The defendants, by their brief and points, do not object to or allege as error the costs included in Ward & Son's judgment, or those costs paid by plaintiffs in defending that action. Under the practice of the court points not raised or urged will not be considered in deciding the case.

It is believed that the court committed no error to the prejudice of the defendants upon the trial of this action, and the defendant's motion for a new trial is, therefore, denied, with costs and judgment ordered for the plaintiffs upon their verdict, with costs.

PARKER and J. POTTER, JJ., concurred.

*Judgment accordingly.*