## BUCKEL *v.* SUSS.

### (*Superior Court of New York City, Jury Term.*   January, 1892.)

Husband and Wife—Action for Enticing Away Husband.

Where a wife, acting on the advice of counsel, leaves her husband, and brings an action for divorce, which results in an agreement for separation sanctioned by the court, the wife cannot maintain an action for the enticing away of her husband while she was living and cohabiting with him as his wife.

Action by Elizabeth Buckel against Anna Suss for enticing away plaintiff's husband.   Judgment for defendant.   Motion for new trial.   Denied.

Plaintiff alleges that the acts complained of took place while she and her husband were living and cohabiting as man and wife.

*A. Steckler*, for the motion.   *Guggenheimer & Untermyer*, opposed.

McAdam, J.   The plaintiff is concluded by the nature of her action as set forth in the complaint, which is for "enticing away the plaintiff's husband," and the form of complaint used is that found in 1 Abb. Forms, p. 504, No. 608.   It is not for *"crim. con."* in which the words "debauched and carnally knew" are necessary allegations.   McCall, Forms, (3d Ed.) p. 270, No. 435; 1 Abb. Forms, p. 504, No. 609.   So considered, the plaintiff is without a cause of action, for, according to her own testimoney, she cohabited with her husband, until, by the advice of her counsel, she left his home, hired rooms in another house, and brought an action in the supreme court for a limited divorce, which resulted, in July, 1888, in an agreement for separation, by and with the sanction of the court, whereby her husband agreed to pay her alimony at the rate of $1,000 per year, payable monthly.   While the wife's right to maintain an action for enticing away the husband is now affirmatively established in this state, (*Bennett* v. *Bennett*, 116 N. Y. 584, 23 N. E. Rep. 17,) the enticing must be clearly proved.   An action for harboring a husband or wife is maintainable without the element of *"crim. con.,"* (2 Hil. Torts, 4th Ed., 510,) but the harboring means something more than receiving a visit or casually entertaining a guest; it means some act or influence by which the husband or wife is induced to remain away from home, or encouraged in some manner to desert the companionship of his or her life partner.   *Warner* v. *Miller*, 17 Abb. N. C. 224.   There was no enticing away of the plaintiff's husband, but a voluntary departure from him by the plaintiff, followed by the agreement for separation, "by judicial sanction," in July, 1888, the conse-

quence of which is to discharge the defendant from all liability for harboring the plaintiff's husband, if her conduct rises to the gravity of such an offense. This results from the nature of the damages recoverable, and the effect of a legal separation upon marital rights. The damages recoverable are for the loss of the "society, comfort, and assistance" of the husband or wife. Selw. N. P. 6; Bigelow, Torts, 153; *Bennett* v. *Bennett, supra*. Where the wife sues, she must rely upon the loss of *consortium* or conjugal society of the husband, (Id.,) and these things are renounced by a legal separation, (Reeves, Dom. Rel., Ed. 1867, p. 175,) for, while united in form, the parties are divided in fact; "they are thrown upon society in the undefined and dangerous character of a wife without a husband and a husband without a wife," (*Evans* v. *Evans*, 1 Hagg. Ecc. 36, 37.) The spirit of the marriage contract, all that dignifies and ennobles it, is gone; the letter alone remains. For the reasons stated, voluntary contracts for separation have in many cases been held illegal, unless entered into after actual separation, and made through the intervention of a trustee, or by sanction of the court. A deed of separation, executed in contemplation of and as an inducement to a future separation, is void. *Florentine* v. *Wilson*, Hill & D. 303. This is because the law does not encourage husbands and wives to separate. Although a contract for future separation is void, it is valid if made after separation. *Galusha* v. *Galusha*, 116 N. Y. 635, 22 N. E. Rep. 1114; *Allen* v. *Affleck*, 64 How. Pr. 380. Judge COWEN, in *People* v. *Mercein*, 3 Hill, 410, calls these articles "a kind of divorce which the courts cannot very well, at this day, gainsay." In other words, whenever legal ground for separation exists, the parties may agree to it without compelling the court to hear the grievance and award a decree, for what the court would be required to do the parties may themselves do. An agreement of separation, followed by an immediate actual separation, is valid, and the covenant on the part of the husband to pay installments to a trustee for the support of the wife and their children is enforceable in an action by the trustee, (*Clark* v. *Fosdick*, 118 N. Y. 7, 22 N. E. Rep. 1111, and 23 N. E. Rep. 136;) and, in the absence of a provision in the agreement to that effect, the act of the wife in subsequently obtaining a divorce, no alimony being awarded, will not terminate the obligation of the husband to pay the installments, (Id.) The case was tried on the theory that the separation between the plaintiff and defendant was by decree of the court. It appears now that it was effected by agreement, under sanction of the court. The legal result is, in either case, the same, and the circumstances required no more than passing notice, although technically the plaintiff is bound by the theory on which the case was tried. *Frear* v. *Sweet*, 118 N. Y. 454, 23 N. E. Rep. 910. In *Weedon* v. *Timbrell*, 5 Term R. 357, it was ruled by Lord KENYON that actions of this description, being founded on the injury which the husband has sustained in the deprivation of the comfort, society, and assistance of his wife, (an allegation to that effect being always inserted in declarations of this kind as being material and substantial,) the consequence must be that when the husband voluntarily relinquishes the comfort, society, and assistance of his wife, by consenting to a separation from her, he can suffer no loss from her incontinency while such separation continues. See Bright, Husb. & W. 351; *Fry* v. *Drestler*, 2 Yeates, 278; Rop. Husb. & W. 322; *Bartelot* v. *Hawker*, Peake, 11; *Hodges* v. *Windham*, Id. 39; 4 Vin. Abr. 173; 2 Starkie, Ev. 698; Shelf, Mar. & Div. c. 6, p. 608. If the action had been brought for "*crim. con.*,"—*i. e.*, corrupting the mind and affection of the plaintiff's consort,—a brief review of rules regulating such actions and the authorities in regard thereto, to which attention has been called by the plaintiff's counsel, might have been necessary; but, as "*crim. con.*" is not charged, these matters, like the "flowers that bloom in the spring," "have nothing to do with the case," and require no comment. The motion for a new trial must be denied.