(35 Misc. Rep. 227.)

## RIXA v. RIXA.

(Supreme Court, Special Term, New York County. June, 1901.)

DIVORCE—ADULTERY—RIGHTS OF CO-RESPONDENT.
  Code Civ. Proc. § 1757, subd. 2, amended by Acts 1899, c. 661, gives a co-respondent in divorce for adultery a right to appear at any time before judgment, and defend such action so far as the issues affect him. *Held*, where a husband sues for an absolute divorce, and his wife denied the charges, and set up a counterclaim of adultery on his part, his co-respondent is entitled to interplead, and have a jury trial of the issues affecting her, though the husband does not answer.

Action by Alexander Rixa against Johanna Rixa for divorce. Motion for a new trial by jury of the issues affecting the co-respondent. Motion granted.

Hyman & Rosenthal (Alexander Rosenthal, of counsel), for co-respondent.

Mayer C. Goldman, for defendant.

BLANCHARD, J. This is an application for a trial by jury of the issues affecting the co-respondent in an action for absolute divorce. The action was commenced by the husband against the wife for a divorce on the ground of her adultery. The wife has served an answer, denying the adultery with which she is charged, and sets up as a counterclaim the adultery of the plaintiff, her husband, with the co-respondent, who makes this application, and asks for a decree of absolute divorce. To this counterclaim, the plaintiff has failed to reply. It appears that neither the plaintiff nor defendant served a copy of the answer, in which the co-respondent is charged with adultery with plaintiff, upon such co-respondent, as was their privilege under section 1757 of the Code, but she, having heard of the charges against her, voluntarily appeared by her attorneys, and demanded service of all papers, and thereafter served her answer, denying under oath the charges made against her. It seems that, without noticing the case for trial as against the co-respondent, the cause has been placed upon the special term calendar of this court for trial by the defendant. The co-respondent has served notice upon the parties hereto, both plaintiff and defendant, that she did not waive her right to a trial by jury of the issues herein, so far as they affect her, and now insists upon such jury trial, both as a matter of right and as a matter calling for the favorable exercise of the discretion vested in the court, for the purpose of vindicating her character. She rests her right under subdivision 2 of section 1757 of the Code, which was an amendment enacted by the legislature of 1899 (chapter 661). This act created the right to a co-respondent named in any of the pleadings, not theretofore possessed, "at any time before the entry of judgment to appear either in person or by attorney," and further to "appear to defend such action, so far as the issues affect such co-respondent." So far as I am aware, the courts have not as yet been called upon to decide what the rights of a co-respondent are by virtue of this statute. I am of the opinion that, when a person is given the privilege of appearing and defending an action by express legislative enactment, he thereby becomes a party to such action, and as such becomes vested with all the rights and privileges of a party, except as limited by statute. Thus, as an incident to the right to defend, a co-respondent would have the right to move for a bill of particulars of the charges against him. In fact, in this case, such step was taken by the co-respondent, and it does not appear that such right was questioned by any party hereto. Likewise, I am of opinion that the co-respondent would have the right to receive copies of all papers affecting her rights in the action,—as, for example, notice of trial,—for how otherwise could she be in-

formed of the time of the trial, and her default could not otherwise be taken. In other words, it is my opinion that, when the legislature gave to a co-respondent the right to appear and defend, all the incidents of a party defendant necessarily followed. As such party, the co-respondent had the right to move for a jury trial, pursuant to subdivision 1 of section 1757 of the Code, which provides: "If the answer puts in issue the allegation of adultery, the court must, upon the application of either party, or it may, of its own motion, make an order directing the trial, by a jury, of that issue." But, even though the co-respondent had no such right, 1 should be inclined, of my own motion, in the present case, by virtue of the power vested in the court by that portion of this subdivision of the section just quoted, to grant a jury trial. Here a young unmarried woman is charged by defendant with adultery, which charges are denied under oath. It is evident that the husband, who instituted this action against the honor of his wife, intends, by his default, to permit his wife to obtain the divorce upon her countercharge, in which the honor of the applicant upon this motion is involved. There would be thus spread upon the records of this court a most serious blemish upon the fair name of the applicant. The court will, therefore, give her the benefit of the fullest scrutiny of the alleged acts of adultery, and, since it is her desire to meet these charges before a jury, the court will make the order for that purpose. The motion is granted, with $10 costs to the co-respondent against the defendant to abide the event.

Motion granted, with $10 costs to co-respondent against defendant to abide event.