BILLINGS v. BILLINGS et al.

(Supreme Court, Appellate Division, Fourth Department. May 13, 1902.)

DIVORCE—CO-RESPONDENT—COSTS.

    Code Civ. Proc. §§ 1769, 3228–3230, provide that costs in an action for an absolute divorce are in the discretion of the court. Section 1757 modifies this general rule by providing that the co-respondent, if successful, shall be entitled to his costs against the person naming him as co-respondent. *Held* that, where the co-respondent had failed in his defense, it was within the discretionary power of the court to award costs against him from the time of the service of his answer.

Appeal from special term, Monroe county.

Action for divorce by Warren M. Billings against Ella M. Billings. Frank Albright defended as co-respondent. From a judgment for plaintiff, the co-respondent and defendant appeal. Affirmed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

J. W. Barrett, for appellants.

C. W. McKay, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs against the appellant Albright.

The action was for a divorce on the ground of adultery. The alleged co-respondent, Albright, was served by the plaintiff with a copy of the summons and complaint, pursuant to section 1757, Code Civ. Proc. He thereupon appeared and served an answer, and he defended the action so far as the issues affected him. He took part in the trial, and gave evidence thereon, was heard by counsel, and has taken this appeal. We have carefully examined the evidence, and are satisfied the trial court properly found the adultery between the defendant, Mrs. Billings, and the co-respondent, Albright, and that the judgment decreeing a divorce between the plaintiff and his wife should be affirmed.

The trial court awarded costs against the co-respondent, Albright, from the time of the service of his answer, and it is claimed this was unauthorized and improper. The provision allowing the co-respondent to be brought in, and permitting him to defend the action, was added to section 1757 of the Code by an amendment in 1899. We are aware of no decision under this section as amended. The co-respondent is not, by the terms of the statute, called a "defendant," but he is allowed to appear and defend the action, and may very properly be regarded as a party defendant from the time he appears and serves an answer to the complaint. He is not obliged to defend, and cannot be compelled to do so. His appearance is voluntary, but, if he elects to come into the action, he ought to be regarded and treated as a party defendant from that time. Being a defendant, he is subject to the general provisions of the Code as to costs in such an action, except so far as they are modified by the amendment in question. By sections 1769, 3228–3230 of the Code, costs in an action for an absolute divorce are in the discretion of the court. Section 1757 modifies this general rule by providing that the co-respondent, if he succeeds in his defense, shall be entitled to a bill of costs against the person naming him as co-respondent. To this extent only is the discretion taken away from the court. When the co-respondent fails in his defense, the court has a discretion as to the allowance of costs against him. The trial court here exercised the discretion by awarding costs. We think the power existed, and was properly exercised.

The judgment should be affirmed, with costs of this appeal against the co-respondent, but not against the defendant, Mrs. Billings. All concur.