(66 Misc. Rep. 576.)

## HENDRICK v. BIGGAR.

(Supreme Court, Trial Term, Kings County. March 28, 1910.)

**1.** APPEAL AND ERROR (§ 911*)—REVIEW—JURISDICTION—PRESUMPTIONS.

A court of general jurisdiction is presumed to have had jurisdiction over parties named in the cause against whom judgment is entered, though the judgment and record contain no recitals of service or appearance, but such presumption is rebuttable by oral testimony even when the judgment recites jurisdictional facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3686–3688; Dec. Dig. § 911.*]

**2.** JUDGMENT (§ 499*)—COLLATERAL ATTACK—PAROL EVIDENCE.

Where the record does not show service or appearance of a defendant named in the case, and judgment is rendered against him containing no recitals of service or appearance, and such defendant attacks the judgment collaterally, parol evidence is admissible to show that such defendant did appear in the action, and therefore was a party to it. .

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 940; Dec. Dig. § 499.*]

**3.** DIVORCE (§ 65*)—JURISDICTION—APPEARANCE OF DEFENDANT.

Code Civ. Proc. § 1757, subd. 2, provides that in a divorce action at any time before entry of judgment a co-respondent named in the pleadings may appear in person or by attorney and demand of plaintiff's attorney a copy of the summons and complaint, which must be served within 10 days thereafter, and he may appear to defend such action so far as the issues affect such co-respondent. *Held*, that an appearance by an attorney is as effectual to give jurisdiction of a co-respondent as the service of the summons and complaint.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 65.*]

**4.** ATTORNEY AND CLIENT (§ 70*)—AUTHORITY OF ATTORNEY—PRESUMPTIONS.

It will be presumed in collateral proceedings that an attorney who has appeared for a litigant without service of process has authority to act for the person whom he assumed to represent.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §. 95; Dec. Dig. § 70.*]

**5.** JUDGMENT (§ 220*)—VALIDITY—RECITALS OF JURISDICTION.

Recitals in judgments of courts of record of facts showing jurisdiction are not necessary, and their omission is not fatal, but facts of jurisdiction may always be shown.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 398; Dec. Dig. § 220.*]

**6.** JUDGMENT (§ 675*)—RES JUDICATA—"PARTIES."

"Parties" within the rule making a prior judgment conclusive upon those who sustain that character is not restricted to those who are parties upon the record; the term including all those having a direct interest in the subject-matter and a right to defend or control the proceedings.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1190, 1191, 1194; Dec. Dig. § 675.*

For other definitions, see Words and Phrases, vol. 6, pp. 5202–5213; vol. 8, p. 7747.]

**7.** DIVORCE (§ 172*)—JUDGMENT—RES JUDICATA—PERSONS CONCLUDED—PAROL EVIDENCE.

Where permission is given by law to a person to come in and defend as a party, that such person did so appear may be proved by parol in any subsequent proceeding so as to make the judgment binding upon him and res judicata as to the facts recited; and hence under Code Civ. Proc. §

1757, subd. 2, providing that, in a divorce action at any time before entry of judgment, a co-respondent named in any of the pleadings may appear and demand a copy of the summons and complaint, which must be served within ten days thereafter, and he may appear to defend such action so far as the issues affect such co-respondent, that one named in a divorce action as a co-respondent, in fact appeared and became a party to the action may be shown by parol evidence in subsequent litigation.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 172.*]

8. NEW TRIAL (§ 40*)—WAIVER OF ERRORS—FAILURE TO SUBMIT ISSUE.

Where defendant did not ask to go to the jury on a certain question, she cannot on motion for new trial urge error in failure to submit it.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 65, 66; Dec. Dig. § 40.*]

9. DIVORCE (§ 168*)—JUDGMENT—VALIDITY—IRREGULARITIES AFTER JURISDICTION ACQUIRED.

Where a person duly appeared in a divorce action becoming a party thereto, it was not necessary in order to make the judgment binding upon her in a collateral proceeding to show that she had defaulted or had received notice of trial, but the court having acquired jurisdiction any subsequent defect or omission would not render the judgment void, but would merely be an irregularity, such that the court might set aside the judgment upon application.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 168.*]

10. JUDGMENT (§ 279*)—VALIDITY—FAILURE TO FILE APPEARANCE OF PARTY IN JUDGMENT ROLL.

Failure to file in the judgment roll the appearance of a defendant cannot affect the validity of the judgment as to such defendant, if, in fact, she did appear, though such appearance is required to be so filed under Code Civ. Proc. § 1237, prescribing the contents of the judgment roll.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 279.*]

11. DIVORCE (§ 171*)—JUDGMENT—RES JUDICATA.

A decree of separation based upon the husband's desertion caused by another woman does not bar an action by the wife against the woman for alienation of the husband's affections effected before the decree of separation.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 554–558; Dec. Dig. § 171.*]

Action by Agnes Mary Hendrick against Laura Biggar. On motion for new trial. Denied on condition that verdict be reduced.

House, Groosman & Vorhaus, for plaintiff.

C. R. & C. U. Carruth (Charles J. McDermott, of counsel), for defendant.

CRANE, J. The defendant moves to set aside this verdict upon four grounds: First. That the judgment divorcing the plaintiff from her husband because of adultery committed with the defendant here, Laura Biggar, was not properly received in evidence against her to prove such acts, as there was no competent evidence that she was a party to the suit, and the judgment, therefore, was not res adjudicata as to her. Second. That if Laura Biggar was a party to the divorce action, and the court therefore had jurisdiction over her, yet there was no proof that she had received notice of trial or had defaulted in pleading, and therefore the judgment thereafter entered would be void as to her and not res adjudicata. Third. That the decree of sep-

aration obtained by the plaintiff against her husband long after the defendant had alienated his affections was a bar to recovery. Fourth. That the verdict is excessive. Subdivision 2, § 1757, Code Civ. Proc., reads as follows:

" * * * . At any time before the entry of judgment any co-respondent named in any of the pleadings shall have the right, at any time before the entry of judgment, to appear either in person or by attorney, in said action and demand of plaintiff's attorney a copy of the summons and complaint, which must be served within ten days thereafter, and he may appear to defend such action, so far as the issues affect such co-respondent."

Section 416 states that a civil action is commenced by the service of a summons, and section 424 that a voluntary general appearance of the defendant is equivalent to personal service of the summons upon him.

In the case of Billings v. Billings, 73 App. Div. 69, 76 N. Y. Supp. 628, the above provision of the Code regarding co-respondents was passed upon in the following language:

"The provision allowing the co-respondent to be brought in, and permitting him to defend the action, was added to section 1757 of the Code by an amendment in 1899 (Laws 1899, c. 661). We are aware of no decision under this section as amended. The co-respondent is not by the terms of the statute called a defendant, but he is allowed to appear and defend the action, and may very properly be regarded as a party defendant from the time he appears and serves an answer to the complaint. He is not obliged to defend, and cannot be compelled to do so. His appearance is voluntary, but, if he elects to come into the action, he ought to be regarded and treated as a party defendant from that time. Being a defendant, he is subject to the general provisions of the Code as to costs in such an action, except so far as they are modified by the amendment in question."

In the action of Agnes Mary Hendrick against Charles C. Hendrick, Laura Biggar was named as the only co-respondent. If she had appeared in that action, had defaulted in pleading, and the judgment recited these facts, it is undisputed that the judgment would be res adjudicata as to her upon the question of adultery.

The facts are, however, that the judgment roll contains no notice of appearance of Laura Biggar, and the judgment no recitals of jurisdiction over her. Nevertheless on the trial of this action, by uncontradicted testimony, it was shown that Laura Biggar in the divorce case of Hendrick v. Hendrick had served notice of appearance by her attorney at law, Jacob M. Peyser, who had thereafter received, in accordance with the provisions of the Code, a copy of the complaint.

The record being silent, could it be proved by evidence aliunde that Laura Biggar was in fact a party to the action, and that the court had jurisdiction over her, and did the appearance in the way indicated give the court jurisdiction? In this state a court of general jurisdiction is presumed to have had jurisdiction over parties named in the cause against whom judgment is entered, even though the judgment contain no recitals of service or appearance, but this presumption may always be rebutted by oral testimony even when the judgment recites jurisdictional facts. Ferguson v. Crawford, 70 N. Y. 253, 26 Am. Rep. 589. If the record be silent as to service upon the defendant or as to his appearance, yet jurisdiction is presumed, the party having

the right, however, to attack the judgment collaterally and show in fact that he was not served or did not appear. Upon such attack it would always be open to the parties seeking to uphold the judgment to show by parol evidence that the defendant did appear in the action, and therefore was a party to it. When permission is given by law to a person to come in and defend as a party, the fact that the person did so appear may be proved in my opinion by parol testimony in any subsequent proceeding so as to make the judgment binding upon him and res adjudicata as to the facts decided. Appearance by attorney is as effectual to give jurisdiction under the provisions of the Code above referred to as the service of the summons and complaint. It is presumed in all collateral proceedings that an attorney who has appeared for a litigant without service of process has authority to act for the person whom he assumed to represent. Freeman on Judgments, § 128. There is no presumption that one who does not appear to have been a party had his day in court, but the recital or silence of a judgment is not fatal. The true facts may always be shown. In the one instance that jurisdiction was never acquired over an alleged party; in the other instance that a person not named as a party of record, did, in fact, appear in the action as a party. Recitals in a judgment of a court of record are not necessary, and the facts of jurisdiction may always be shown. 2 Rumsey's Practice, p. 688; Freeman on Judgments, § 48; Hampton v. Dean, 4 Tex. 456. Numerous are the instances where a person not in privity with any party to the action and not named as a party of record has yet been bound by the judgment.

It is not an anomalous case for Laura Biggar to be bound by the divorce judgment, although she was not named as a party of record, and the judgment be silent as to her appearance, if it be proved that she was served as a party in the action, or appeared and had a right and opportunity to defend. In Burr v. Bigler, 16 Abb. Prac. 177, 183, it is stated:

"The term 'parties,' in the sense of the rule which renders a prior judgment conclusive upon those who sustain that character, is not restricted to those who are parties upon the record. The term 'parties' includes all who have a direct interest in the subject-matter of the suit and a right to make a defense or control the proceedings."

Thus the real parties to a litigation may always be shown in a subsequent case by parol evidence, and a judgment made binding on them, although not named therein. Verplanck v. Van Buren, 76 N. Y. 247. For the purpose of showing that parties not named in the record were the real parties in interest and conducted the suit in the name of others who were only nominal parties, parol evidence may always be offered, and, when the showing is made, the real parties are concluded by the judgment. Castle v. Noyes, 14 N. Y. 329. Likewise, persons liable to indemnify a party to an action may be bound by the judgment therein, although not mentioned or referred to in the cause. In all such cases parol evidence has been received to prove that the indemnitor had notice of the litigation and an opportunity to defend. Konitsky v. Meyer, 49 N. Y. 571. Freeman on Judgments, § 174, says:

"If one of the parties has a right to call upon a third person to indemnify him for losses resulting from an action, the person who is thus liable may be notified of the action and required to defend it. Upon receiving such notice, and an opportunity to defend the action, he becomes a party thereto, whether he elects to defend or not; so that if the party to whom he is answerable is defeated, and then brings an action for indemnity, the person so notified cannot deny that the recovery was rightful."

Where a city or village has been obliged to pay damages for personal injuries caused by a defective highway, the third party whose negligence caused the defect will be bound by the judgment recovered against the city if he had notice of the action and opportunity to defend. Village of Port Jervis v. First National Bank, 96 N. Y. 550. In all of these instances the judgment was res adjudicata as to the third person, not a party to the record upon proof being given in the subsequent proceedings that such third person had notice of the action and opportunity to defend.

The co-respondent in a divorce case may, by section 1757 of the Code of Civil Procedure, above quoted, become a party to the action by serving notice of appearance as therein provided. The fact that a co-respondent did so appear and thus become a party to the action may be shown by parol evidence in subsequent litigation so as to make the judgment binding upon her and res adjudicata just as it may be shown to be binding in the case of a real party in interest, an indemnitor, or a tort-feasor. The reason for the rule in the latter cases applies equally to the former. As stated by Greenleaf on Evidence, § 522, it is:

"The rules of law upon this subject are founded upon these evident principles or axioms that it is for the interest of the community that a limit should be prescribed to litigation, and that the same cause of action ought not to be brought twice to a final determination. Justice requires that every cause be once fairly and impartially tried; but the public tranquillity demands that, having been once so tried, all litigation of that question and between those parties should be closed forever."

If it be claimed that the evidence of Jacob M. Peyser, although uncontradicted, should have been submitted to the jury for them to determine whether Laura Biggar duly appeared in the action, sufficient to say that the defendant did not ask to go to the jury on that question, and cannot now be permitted to raise the point. Village of Port Jervis v. First National Bank, supra.

Second. Laura Biggar having duly appeared in the divorce action and having become a party thereto, it was not necessary, in order to make the judgment binding upon her in a collateral proceeding, to show that she had defaulted or had received notice of trial. The court having acquired jurisdiction, any subsequent defect or omission would not render the judgment void, but would be such an irregularity that the court would set aside the judgment upon application. A judgment rendered before time to answer has expired is an irregularity, but does not render the judgment void. Solomon v. Newell, 67 Ga. 572; Fagan v. Barnes, 14 Fla. 53. The fact that the defendant is not given all the time allowed him by law to plead, or any other fact connected with service of process on account of which a judgment by default would be reversed, will not ordinarily make the judgment

vulnerable to a collateral attack. Freeman on Judgments, §§ 126, 135A. While section 1237 of the Code of Civil Procedure specifies what will constitute a judgment roll, the failure to file therein the appearance of Laura Biggar cannot affect the validity of the judgment as to her if in fact she did appear. Bissell v. N. Y. C. R. R. Co., 67 Barb. 389; Martin v. Kanouse, 2 Abb. Prac. 390; Calkins v. Packer, 21 Barb. 276; Breckenridge Co. v. Perkins, 14 App. Div. 629, 43 N. Y. Supp. 800.

Third. This action for alienation of affections was not barred by the separation decree subsequently obtained and entered. The proof in this case shows that Dr. Hendrick left his wife for Laura Biggar in 1902. Subsequently the plaintiff brought action for separation, basing her claim upon this desertion caused by Laura Biggar; the decree being entered in July, 1904. It would be strange, indeed, if the defendant, having broken up the plaintiff's home and forced her to a judgment for support which the court was powerless to finance, could plead such judgment as a bar to an action for her wrongdoing. Such is not the law. Counsel have placed great reliance upon Buckel v. Suss, 18 N. Y. Supp. 719. It does not clearly appear from this case whether the acts of alienation were before or after the separation decree or agreement. If the acts of alienation were before the decree, I do not consider the case well decided, for all the authorities therein cited sustain no such conclusion. The cases of Bartelot v. Hawker, Peake, N. N. P. C. 7, Weedon v. Timbrell, 5 Durnford & East, 357, Fry v. Drestler, 2 Yeates (Pa.) 278, Bright's Husband and Wife, vol. 2, 351, and Wilson v. Coulter, 29 App. Div. 85, 94, 51 N. Y. Supp. 804, indicate that the law upon this point is as follows: A decree of divorce or separation is no defense or mitigation of damages for loss of support or society, if the wrong was done before the separation, but there can be no recovery for wrong done after a divorce or separation. See, also, 8 Amer. and Eng. Ency. of Law, 263.

Fourth. The damages are heavier than I have been able to find were ever awarded in any reported case. It has frequently been intimated since the case of Duberley v. Gunning, 4 Durnford & East, 651, that the damages were so peculiarly within the province of the jury in a suit like this that the court should not readily interfere with the verdict. In 8 American and English Encyclopedia of Law (2d Ed.) p. 267, it is stated:

"Although it is conceded that courts have the power of granting a new trial for excessiveness of damages in cases of crim. con., there is no recorded instance in which this power has been exercised."

However, there were certain references made upon the trial of this action to the imprisonment of Dr. Hendrick and Laura Biggar in New Jersey which were competent enough as they appeared in the case; also, certain inferences which could be drawn from the absence of the defendant and Dr. Hendrick from the trial of this case, which, to my mind, were apt to excite the passions or prejudices of the jury and to enhance the damages beyond an amount which otherwise would have been awarded. Unless the plaintiff consent to reduce this verdict to $50,000, I shall be obliged to set it aside. If she does consent to this reduction, then I shall deny the motion for a new trial.