### SHAW v. SHAW et al.

(Supreme Court, Special Term, Kings County. February 27, 1913.)

1. DIVORCE (§ 151*)—JUDGMENT—OPENING ON MOTION OF CO-RESPONDENT.
   After an interlocutory decree of divorce on the ground of adultery, the court may permit an infant co-respondent not represented at the trial by a guardian ad litem to intervene and be heard on the merits in defense of her chastity, and upon such further hearing may render a new or different judgment.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 509–513; Dec. Dig. § 151.*]

2. DIVORCE (§ 73*)—PARTIES—INTERVENTION.
   Under Code Civ. Proc. § 1757, subd. 2, providing that, in an action for divorce on the ground of adultery, the plaintiff or defendant may serve a copy of his pleading on the co-respondent, that within 20 days after such service the co-respondent may appear to defend the action so far as the issues affect him, that, if no such service is made, he may appear at any time before the entry of judgment, demand a copy of the summons and complaint, and defend the action so far as the issues affect him, and that, if none of the allegations of adultery controverted by him shall be proved, he shall be entitled to costs, a co-respondent has all the rights of a party in an action for absolute divorce.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 245; Dec. Dig. § 73.*]

3. DIVORCE (§ 151*)—JUDGMENT—OPENING ON MOTION OF CO-RESPONDENT.
   An application by the co-respondent in an action for divorce for leave to intervene after the interlocutory judgment, supported by the affidavits of three reputable physicians stating positively that she is virgo intacta, should be granted, where it is opposed only by the opinion evidence of other physicians.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 509–513; Dec. Dig. § 151.*]

Action for divorce by Gertrude L. Shaw against William Barrett Shaw, defendant, and Lottie Goodman, an infant, co-respondent. After an interlocutory judgment for plaintiff, the co-respondent, by Pauline Goodman, her guardian ad litem, moves for leave to intervene. Motion granted.

See, also, 140 N. Y. Supp. 109.

Manning & Buechner, of Brooklyn, for plaintiff.
Scott, Upsom & Newcomb, of New York City, for defendant.
Hirsh & Newman, of Brooklyn, for co-respondent.

BENEDICT, J. An interlocutory judgment was entered on or about May 27, 1912, in this action, brought to obtain a divorce a vinculo, in favor of the wife as plaintiff against the husband upon the ground of adultery with the present applicant.

The co-respondent, being under age, now applies through her guardian ad litem for leave to intervene for the purpose of refuting upon a new trial the accusations made against her and upon which the interlocutory judgment was granted, and in support of her application she produces the affidavits of three reputable physicians, whose statements, if true, lead to the conclusion that, at least so far as she is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

concerned, the interlocutory judgment was based upon erroneous evidence and should not stand. Aside from endeavoring to meet this proffered evidence and to controvert it on its merits, the plaintiff urges upon the court the proposition that it is now too late to consider the question at all.

[1] I think that it cannot be seriously contended that the court has no power to open a judgment of divorce and to rehear it upon the merits and to render a new or different judgment upon such further hearing. It is, of course, true that a judgment of divorce solemnly pronounced cannot be subjected to collateral impeachment. The present application is not, however, an impeachment; it does not attack the jurisdiction of the court to make the decree nor seek to have it hear proof that facts upon which the jurisdiction was predicated did not exist (Matter of City of Buffalo, 78 N. Y. 362, 369), but it asks the court to exercise in favor of the applicant the power which resides in it in favor of a party to open its judgment, pronounced in effect and substance against the applicant, a minor, not represented by any guardian ad litem at the trial, and to give her an opportunity to be heard on the merits in defense of her chastity. That such a power is possessed by this court should not be seriously questioned. I can conceive no stronger impeachment of the administration of justice than for this court, by any forced construction of statutes or rules, to assert its helplessness to right such a wrong.

[2] By enacting in 1899 the amendment to the Code of Civil Procedure, § 1757, subd. 2, the Legislature intended to give to a co-respondent in an action for absolute divorce all the rights which a party would have. Per Blanchard, J., in Rixa v. Rixa, 35 Misc. Rep. 227, 71 N. Y. Supp. 815. To the same effect is the case of Billings v. Billings, 73 App. Div. 69, 76 N. Y. Supp. 628. And the decision (by a divided court in the First Department) in Boller v. Boller, 111 App. Div. 240, 97 N. Y. Supp. 609, to the effect that a co-respondent by appearing does not invalidate the proceedings in such action prior to his appearance, and is not entitled to a new trial of issues already disposed of, only holds that such new trial will not be granted where he had full knowledge of the action and was a witness at the trial. It recognizes and the prevailing opinion states that the court would have power to order a new trial on his intervention if necessary to give him a hearing for his protection.

In view, moreover, of the closing statement contained in the opinion of the Appellate Division of this court in affirming upon appeal by the husband the interlocutory judgment pronounced against him, I have considered it virtually incumbent upon me to entertain and decide this motion. The paragraph to which I refer reads as follows:

"And we cannot say that the co-respondent might not be relieved from stigma if this proof were adduced upon a trial of the issue of her adultery. We do not mean to control any action of the Special Term if the application for such trial be made once again, upon as cogent a showing; but we think it not amiss to say that such application may well receive serious consideration, without regard either to prior disposition or to this affirmance."

[3] As to the merits of the application little need be said, except that the positive statements of the physicians whose affidavits the co-

respondent now produces raise a question worthy of the most careful investigation upon a new trial. The positive statements of these physicians that the co-respondent is virgo intacta are not sufficiently answered by the opinion evidence of other physicians whose affidavits are submitted on behalf of the plaintiff.

Motion granted; no costs. Settle order on notice.