### HOCK v. HOCK.

(Supreme Court, Special Term, Kings County.  November 6, 1914.)

1. DIVORCE (§ 221*)—ALLOWANCE FOR COURT COSTS—TRANSCRIPT OF TRIAL MINUTES.

Under Code Civ. Proc. § 1769, authorizing the court to require a husband to pay any sums necessary to enable the wife to prosecute or defend an action for divorce, the court may require the husband to pay for the transcript of the minutes of the trial, which the trial justice requested to enable him to pass upon the wife's motion to set aside a special verdict against her on one of the four charges preferred by the husband, and to grant her a new trial.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 642, 643; Dec. Dig. § 221.*]

2. DIVORCE (§ 228*)—ALLOWANCE FOR COURT COSTS—CONDITIONS.

Such an order should provide that, if the wife is successful, the amount paid shall be allowed as a credit upon any judgment for costs in her favor, and, if she is not successful, the amount may be taxed against the corespondent, who had appeared and submitted himself to the jurisdiction of the court, pursuant to Code Civ. Proc. § 1757.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 655; Dec. Dig. § 228.*]

Action for divorce by Benjamin T. Hock against Kate E. Hock. On motion by the defendant for an order requiring the plaintiff to pay for a transcript of the minutes of the trial, to be used in determining a defendant's motion for a new trial and the setting aside of a special verdict against her.  Motion granted.

Matthew W. Wood, of New York City, for the motion.
Van Zandt & Webb, of New York City, opposed.

BENEDICT, J.  The defendant, who is a wife, against whom the special verdict of a jury has been given upon the trial of framed issues as to one of four of such issues and in her favor as to the other three, makes this application for an order directing the plaintiff to provide her with the funds necessary to enable her to obtain a transcript of the minutes of the trial for the use of the trial justice, who has requested that he be furnished with such transcript, upon a motion made by defendant upon the judge's minutes for a new trial and the setting aside of the special verdict.  The expense of procuring the transcript is said to be $150.

[1] The court has power to make an order of the nature requested, and has frequently exercised its discretion in that way.  See McBride v. McBride, 119 N. Y. 519, 23 N. E. 1065; McCarthy v. McCarthy, 137 N. Y. 500, 33 N. E. 550; Halsted v. Halsted, 11 Misc. Rep. 592,

32 N. Y. Supp. 1080, reported in a note to Cohen v. Cohen, 1 N. Y. Ann. Cases, 226, 230, per Giegerich, J. The provisions of section 1769 of the Code authorize such an order where it is *necessary to enable the wife to carry on or defend the action.* That the outlay is necessary is evident from the admitted fact that the trial justice has requested the defendant to furnish him with a transcript of the stenographer's minutes, stating that he would reserve decision upon defendant's motion to set aside the verdict until he could read the minutes of the trial.

[2] I think the motion should be granted, but, as pointed out in the McBride Case, upon the condition that the defendant stipulate that, if ultimately successful in the action, this payment will be credited pro tanto upon any judgment she may recover herein against the plaintiff for costs and disbursements. If the plaintiff shall recover a judgment herein, he should be allowed to tax the sum so allowed as a necessary disbursement of his costs against the corespondent, who has appeared and answered in the action, and has thereby submitted himself to the jurisdiction of the court, pursuant to section 1757 of the Code of Civil Procedure. He has thereby, if he fail in such defense, become amenable to the costs from the time of the service of his answer. See Billings v. Billings, 73 App. Div. 69, 76 N. Y. Supp. 628; Boller v. Boller, 111 App. Div. 240, 247, 97 N. Y. Supp. 609; Hendrick v. Biggar, 66 Misc. Rep. 578, 122 N. Y. Supp. 162.

As the motion to set the verdict aside will, if granted, inure to the benefit of the corespondent, it seems proper that this expense should in the last analysis rest upon him, rather than upon the plaintiff, if the corespondent is ultimately adjudged to be guilty with the defendant of the act charged.