ELSIE KAUFMANN, Plaintiff, *v.* MAX KAUFMANN, Defendant.

Supreme Court, New York Special Term, January, 1924.

Reference — fees — necessary expenses contemplated by Civil Practice Act, section 1169, do not include referee's fees — when motion to compel defendant husband to pay fees to take up report of referee will be denied.

The " necessary expenses " contemplated by section 1169 of the Civil Practice Act do not include referee's fees.

Under section 470 of the Civil Practice Act the failure of a plaintiff to pay the fees of a referee to take up his report does not prevent the carrying on of the action in open court, and a motion to compel the defendant husband to pay said fees to enable the plaintiff to take up the report of the referee will be denied and again denied upon the granting of a motion for reargument.

MOTION for reargument of motion to compel payment of referee's fees.

*Lind & Marks,* for plaintiff.

*Moses Altmann,* for defendant.

BURR, J. Plaintiff seeks a reargument of a motion to compel defendant to pay the sum of $480 to enable her to take up the referee's report herein, which motion was decided adversely to her on

the twenty-second instant. She cites the case of *Hoch* v. *Hoch*, 149 N. Y. Supp. 1027, as authority for the granting of the relief prayed for by her. In that case it appeared the wife made application for a new trial and upon the hearing of the motion the court required the stenographer's minutes in order to justly and fairly determine the questions presented on the motion. An order was made by the court under the authority of section 1169 of the Civil Practice Act (Code Civ. Pro. § 1769). It was apparent that the furnishing of the stenographer's minutes was an absolute necessity to a determination of the motion and the payment necessary to obtain such minutes may well be said to be within the expenses contemplated by the provisions of section 1169 of the Civil Practice Act. In the instant case, however, the expenses of the referee are not such as would be fairly contemplated by the statute. The failure of the plaintiff to pay the referee's fees to take up the report (Civ. Prac. Act, § 470) will not prevent her from *carrying on* the action in open court. I do not believe the defendant should be obliged to pay the amount of money to his wife in order that the report be taken up or filed. The expense of referee's and stenographer's fees are matters incidental to the trial and could have been attended to before the entry for the order of reference. While I believe that *necessary* expenses as contemplated by section 1169 of the Civil Practice Act might well include stenographer's minutes — where they are required to be furnished by the court — witnesses' fees, medical experts, printed papers on appeal and points, or perhaps medical attendance for the wife, yet I am not of the opinion that " referee's fees " should be included as necessary. It may be a hardship for the plaintiff to retry her case in open court because of the husband's failure to advance the money voluntarily or to take up the report which is adverse to him, yet the fact remains that a determination of the controversy is still open to her in the court when the referee's fees are not paid and the reference is terminated after the limitation of time within which to pay the same; nor is the plaintiff prevented from making application for a further counsel fee to retry the case in open court where the necessity therefor is due to the acts of the defendant. Motion for reargument is granted and after reargument the motion is again denied.

Ordered accordingly.