(96 App. Div. 163.)

BOLLER v. BOLLER.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. JUDGMENT—APPLICATION—NOTICE.

In an action for divorce, the issues having been determined before a jury, and the cause having been placed upon the Special Term calendar for trial, plaintiff was not entitled to an interlocutory judgment, under Code Civ. Proc. § 1225, providing that, if the issues have been determined by the findings of the jury, an application for judgment may be made as upon a motion, where notice of his application therefor was not served on defendant, and defendant did not appear.

2. SAME—AUTHORITY TO ENTER—DECISION.

Judgment cannot be rendered in a divorce action tried at Special Term without a decision having been made.

Appeal from Special Term, New York County.

Action by William N. Boller against Naomi S. Boller. From an order refusing to vacate an interlocutory judgment of divorce, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

George A. Stearns, for appellant.
B. W. B. Brown, for respondent.

PER CURIAM. This action was brought to recover a judgment of divorce. Certain issues were tried before a jury, and thereafter the cause was placed upon the Special Term calendar, part 3, for trial. At the trial the defendant did not appear, and thereupon the plaintiff's counsel moved, upon the summons, complaint, notice of appearance, and answer of the defendant, the order directing the trial

by jury of the issues, the verdict of the jury, and the minutes of the clerk of the part where the jury trial had taken place, for an interlocutory judgment. The motion was granted, notwithstanding the fact that no notice of such application had been given (section 1225, Code Civ. Proc.), and that plaintiff, under rule 76 of the general rules of practice, was not entitled to a judgment by reason of defendant's default. The defendant's attorney thereafter obtained an order to show cause why the interlocutory judgment should not be vacated upon the ground, among others, that notice of the application for judgment was not served upon him. Upon the return of the order to show cause, the application to vacate was denied, and the defendant has appealed.

We think this order should be reversed. Under the facts set out in the moving papers, none of which are denied, the defendant's attorney was entitled to notice of the application for judgment, and, such notice not having been given, the judgment should have been vacated.

It does not appear that any decision was ever made, and, if this be true, that is also fatal to the judgment. Reynolds v. Ætna Life Ins. Co., 6 App. Div. 254, 39 N. Y. Supp. 885; Hall as Ex'r v. Beston, 13 App. Div. 116, 43 N. Y. Supp. 304; McManus v. Palmer, 13 App. Div. 443, 43 N. Y. Supp. 601.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.