### BOLLER v. BOLLER et al.

(Supreme Court, Appellate Division, First Department. February 23, 1906.)

DIVORCE—APPEARANCE BY CO-RESPONDENT—RIGHT TO RETRIAL.

> Under Code Civ. Proc. § 1757, subd. 2, providing that in an action for divorce on the ground of adultery any co-respondent shall have the right at any time before the entry of judgment to demand a copy of the summons and complaint and to appear and defend the action so far as the issues affect him, a co-respondent who does not demand a copy of the summons and complaint until after a trial of the issues of fact in which the co-respondent appeared as a witness is not entitled to a retrial of the issues of fact relative to adultery.
>
> O'Brien, P. J., and McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by William N. Boller against Naomi S. Boller, in which Theodore E. Lawton was named as co-respondent. From an interlocutory judgment awarding plaintiff a divorce from defendant, she and co-respondent appeal. Affirmed.

See 89 N. Y. Supp. 200.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

George A. Stearns, for defendant-appellant Boller.

Joseph P. Joachimsen, for appellant Lawton.

Henry W. Bookstaver, for respondent.

INGRAHAM, J. The appeal in this case presents a question arising under section 1757 of the Code of Civil Procedure which does not appear to have been before decided. The action was brought for an absolute divorce against the defendant; the complaint charging that she at various times in the months of June, July, August, and September, 1903, committed adultery with one T. E. Lawton. The defendant interposed an answer denying the adultery, whereupon on the 12th day of January, 1904, an order was entered by the Special Term directing that the issues of fact raised by the pleadings be tried by a jury. Those issues were tried on February 5, 1904, and the jury found as to all of them in favor of the plaintiff, whereupon the case was brought on at the Special Term for final judgment.

On March 25, 1905, before the hearing for final judgment, the co-respondent served upon the plaintiff by mail a demand for the service of the summons and complaint. In pursuance of that demand, the plaintiff served on the attorney for the co-respondent on March 28, 1905, a summons and complaint. Thereafter, on April 17, 1905, the co-respondent served an answer to the complaint. On the 24th day of April, 1905, the case came on for hearing at the Special Term. The plaintiff and the defendant answered ready, but the co-respondent appeared and moved that the cause be stricken from the calendar upon

the ground that he had received no notice of trial. This motion was made upon an affidavit of the attorney for the co-respondent, stating that since the joinder of issue no notice of trial had been served upon the attorney for the co-respondent. The plaintiff then produced a notice, dated March 28, 1905, and served on that day, with an admission of service by the attorney for the co-respondent, stating that the action would be brought on for trial at a Special Term of the Supreme Court on the 18th day of April, 1905, at 10 o'clock. This notice, having been served before the service of the answer by the co-respondent, was returned by the co-respondent to the plaintiff's attorney. The motion to strike the case from the calendar was denied, and an order duly entered, whereupon the plaintiff, on the extract of the minutes of the Trial Term determining all the isues of fact raised by the answer of the defendant in favor of the plaintiff, applied for an interlocutory judgment of divorce. The counsel for the defendant and counsel for the co-respondent objected to proceedings upon the ground that an issue had been raised by the answer of the co-respondent which had not been disposed of. The court, however, overruled this objection and filed a decision, finding the facts in accordance with the admission in the original pleadings and the finding of the jury, and directed a judgment awarding the plaintiff a divorce from the defendant. Both the defendant and the co-respondent then submitted what are called "requests to find," which simply related to the proceedings in the action. The court refused these proposed findings and awarded the plaintiff an interlocutory judgment. The refusal of the court to find these proposed findings of fact and conclusions of law were excepted to, and the defendant and co-respondent appeal from the interlocutory judgment, the co-respondent stating in his notice of appeal that he intended to bring up for review the order denying his motion to strike said case from the calendar; and these two appeals are now before us for determination.

The question is as to what right the Code of Civil Procedure awards to a co-respondent who thus injects himself into a controversy after the issues raised by the pleadings have been disposed of. Prior to the year 1899 there was no provision authorizing a co-respondent to be heard in an action for divorce. Section 1757 of the Code as then existing consisted of subdivision 1 of the section as it now exists. By chapter 661, p. 1471, of the Laws of 1899, subdivision 2 of section 1757 of the Code was added. This subdivision provides that:

"In an action brought to obtain a divorce on the ground of adultery, the plaintiff or defendant may serve a copy of his pleading on the co-respondent named therein."

It is then provided that, if no such service is made by the plaintiff:

"Any co-respondent named in any of the pleadings shall have the right, at any time before the entry of judgment, to appear either in person or by attorney in said action and demand of plaintiff's attorney a copy of the summons and complaint, which must be served within ten days thereafter, and he may appear to defend such action, so far as the issues affect such co-respondent. In case no one of the allegations of adultery controverted by such co-respondent shall be proved, such co-respondent shall be entitled to a bill of costs against the person naming him as such co-respondent, which bill of costs shall consist only of the sum now allowed by law as a trial fee, and disbursements,

and such co-respondent shall be entitled to have an execution issue for the collection of the same."

It will be noticed that this statute does not in express terms make a co-respondent a party to the action nor allow him to serve an answer to the complaint. He is not given the rights of a party to the action. He is not entitled to interfere in the determination of any issue of law or fact, except that he is allowed to "appear to defend such action so far as the issues affect such co-respondent." With all of the questions presented he has no concern, except so far as he is directly affected; but when he is served with the pleading he has a right to defend so far as he is affected by any charge made in the pleading. This provision was intended to give to a co-respondent, who thus brings himself into the litigation between the plaintiff and the defendant, the right to such a defense as is available at the time he is brought in by the service of the summons and complaint upon him. He comes into the action, not as a party, but as authorized to defend a charge made against him; and his defense, it seems to me, must be confined to a defense of the undisposed of issues at the time he comes into the litigation.

In determining the intention of the Legislature, it is important to consider what the statute does not do. It does not make a co-respondent a party to the action. It does not allow him to answer the complaint. It does not affect the validity of the proceedings already had at the time of service of process upon him. It does not allow a judgment against him, except for a trial fee and disbursements if he is unsuccessful in the defense. When he voluntarily appears and demands service of the summons and complaint, he is entitled to appear and defend the action so far as the issues affect him; but when in the action in which he thus appears there are no issues undisposed of, and all that remains to be done is the application for final judgment, it does not appear to have been the intention to create issues by his appearance which must be disposed of before judgment can be granted. I would have no doubt of the power of the court upon a proper case presented to set aside a verdict, decision, or any other proceeding that had been completed in the action before the appearance of the co-respondent, and thus give him an opportunity to defend; but no such application in this case was made, and no facts were presented that would justify the granting of such an application. The action had been at issue for some time. The co-respondent had had notice of the charges against him; for he was present at the trial, and was examined as a witness on behalf of the defendant, and took part in the trial. It is difficult to understand what more he could have done if he had before that time appeared in the action and had been served with the summons and complaint. It would certainly be an anomaly to hold that, in an action where a wife charged with the commission of adultery had been found guilty after a fair trial, there could be in the same action another trial of the same issue, because a person not a party to the action had injected himself into the litigation and denied the adultery of which the wife had been found guilty upon a trial.

To sustain the contention of the co-respondent, it would be necessary to hold that by allowing him to appear and defend, all of the

prior proceedings in the action after the service of the pleadings were vacated, notwithstanding the fact that the principal defendant—the only person against whom there could be a judgment—had been found guilty of the charges made against her after a trial in which she had duly appeared and defended. If there had been a sufficient number of co-respondents, and each one should time his appearance in the action so as to come in just before final judgment was entered, a number of trials could be had, only limited by the number of co-respondents—a proceeding which certainly was not contemplated when this act was passed. The Code contemplates but one trial of an action. That trial has been had, and so far as appears it was in all respects regular and the issues of fact were determined. If that determination has become final, no new trial of that issue can be had, unless the verdict be set aside either on motion or upon appeal. If that determination as to the issues raised by the answer of the defendant is final, and the issues raised by the answer of the co-respondent should be tried and a verdict had in his favor, what judgment could be entered? The defendant would not be entitled to judgment, as the issues as against her have been determined in favor of the plaintiff; and no judgment could be rendered in favor of the co-respondent, as no such judgment is authorized by the Code. It seems plain that such a result was not intended; but the intention of the Legislature can be given full effect by holding that, when the co-respondent comes into an action for a divorce, he is entitled to defend it as to all subsequent proceedings so far as the prosecution of the cause affects the charges made against him. If an issue of fact as to the adultery remained undisposed of, he would be entitled to take part in the trial of that issue; but if that issue had already been determined, he would be confined to a defense of the subsequent proceedings including a right to appeal. I have no doubt of the power of the court to set aside a verdict where it is necessary to give the co-respondent a hearing for his protection; but certainly where he had full knowledge of the action and the charges made, and was a witness on the trial, his subsequent appearance should not affect the validity of the determination of the issues and compel the plaintiff again to go through with the trial which has been determined in his favor.

No authorities are cited by either party which affect this question. If it should be true, as claimed by the appellant, that this judgment will affect the co-respondent as an adjudication against him, this situation is in consequence of his own action in appearing in the action after the issues of fact had been disposed of; he having full notice of the condition of the action at the time he required the plaintiff to serve upon him a copy of the summons and complaint. The cases of which Wood v. Swift, 81 N. Y. 31, is an example have no application. There the action had been tried and submitted to a referee, who had not filed his report. At that time a person interested in the result, as being a claimant of the fund to recover which the action was brought, was brought in as a defendant. As a part of the order bringing in this new defendant, the court ordered that the case should remain, continue, and be tried before a referee with the same force and effect as if all parties had been parties from the beginning of the

action. The judgment that would be entered would be against the new defendant, determining her right to the fund to recover which the action was brought; and if she was not successful in the action the judgment would foreclose her of any right to that fund. In such a case, the trial theretofore had could not bind the defendant who had been made a party, as the judgment that would be rendered would be a judgment directly against her. But, as before stated, no such condition exists here. There can be no judgment against this co-respondent. The plaintiff asks for no judgment against him, and the court has awarded none. His position in the action is an anomaly, and evidently allowed because of the peculiar nature of the action and the danger of collusion between the husband and wife, involving a charge against a third person, who has no other opportunity of protecting himself from the charge; and certainly when such a third person, who had notice of the charge made against him and was present at the trial which determined the truth of that charge, deliberately delays appearing until after that charge has been finally determined, he has no cause of complaint because the court refuses to reopen the case and allow him a retrial of the issues. In determining this appeal, it is sufficient to hold that the provisions of this section of the Code do not invalidate the prior proceedings in an action upon the appearance of a co-respondent, and that, where he appears in such an action, he comes in subject to its condition at the time he appears, and that the former proceedings are not thereby invalidated; and in this case no facts are presented to show that the protection of the co-respondent in any way requires that there should be a new trial of the issues already disposed of.

It follows that the judgment appealed from should be affirmed, with costs.

LAUGHLIN and CLARKE, JJ., concur.

McLAUGHLIN, J. (dissenting). I am unable to concur in the prevailing opinion. The issues raised by the answer of the co-respondent had to be disposed of before judgment could be entered, and this was not done. The action was brought for an absolute divorce on statutory grounds. The defendant was alleged to have committed adultery with the co-respondent here appealing, and he was the only person mentioned as a co-respondent in the complaint. Having appeared in the action, demanded and received from plaintiff's attorney before the entry of judgment a copy of the summons and complaint, and interposed an answer thereto denying the material allegations thereof, he had an absolute right, under subdivision 2 of section 1757 of the Code of Civil Procedure, to a trial of the issues, so far as the same affected him, before judgment could be entered. This subdivision of the section of the Code provides that in an action brought to obtain a divorce on the ground of adultery, the plaintiff or defendant may serve a copy of his pleading on the co-respondent named therein, and at any time within 20 days after such service the co-respondent may appear to defend such action so far as the issues affect such co-respondent. It also provides that, if no such service be made, then at any time

before the entry of judgment any co-respondent named in any of the pleadings shall have the right at any time before the entry of judgment to appear in the action and demand of plaintiff's attorney a copy of the summons and complaint, which must be served within 10 days thereafter, and he may appear to defend such action so far as the issues affect such co-respondent.

The purpose of this statute is obvious. It is to enable a co-respondent to intervene in the action and protect his or her reputation, when the same might be injured or destroyed by collusion between the original parties to the action or by false testimony given by one of them. The prevailing opinion either ignores or else overlooks the purpose of the statute, and in effect repeals the statute itself. If a co-respondent must accept the situation precisely as he finds it when he gets into the action, if a trial has been had, then there is no opportunity to defend the action so far as the issues relate to him, and this is well illustrated in the case now before us. Here the co-respondent was the only one named in the complaint. A trial had been had upon issues framed before a jury, which had found that the defendant, had committed adultery with the co-respondent. Upon these findings proceedings were about to be taken for judgment. If the co-respondent could only accept the situation as he found it, then the only issue which related to him had been tried and disposed of, viz., that he had committed adultery with the defendant. It is true that a co-respondent is not, in express terms, made a party to the action; but this is immaterial, inasmuch as he is allowed to appear and defend so far as the issues relate to him, and to this extent, at least, he must be considered as a party. Neither of the original parties to the action is obliged to bring him in, and, if they do not, he is not obliged to come in, and cannot be compelled to do so. He, however, has a right to make himself a party to the action, and, if he does so, he must be regarded and treated as such, and before judgment can be entered the issues raised by an answer interposed by him must be disposed of. If he is unsuccessful in his defense, then he may be required to pay costs. Billings v. Billings, 73 App. Div. 69, 76 N. Y. Supp. 628.

It is no answer to the foregoing suggestions to say he should have appeared earlier in the action, because the statute gives him the right to appear at any time before the entry of judgment, and the plaintiff could have limited the time within which he could get into the action by serving the summons and complaint upon him, without waiting to have the co-respondent demand that such service be made.

The judgment appealed from, therefore, should be reversed, and a new trial ordered, with costs to the co-respondent to abide the event of the action.

O'BRIEN, P. J., concurs.

O'BRIEN, P. J. I dissent from the views expressed by Mr. Justice INGRAHAM. This is an action for divorce on the statutory grounds, brought by a husband against his wife, in which he has thus far been successful, having obtained an interlocutory judgment awarding him an absolute divorce, from which separate appeals have been taken both

by the wife and the co-respondent named in the complaint. The sole question raised by the briefs of the appellants on this appeal relates to the rights of the co-respondent under section 1757 of the Code of Civil Procedure, and therefore it is only necessary for us to consider the scope and effect of that section as applied to the facts before us.

The action was commenced in September, 1903; the complaint alleging that the defendant at various times during that year had committed adultery with one Theodore E. Lawton. The wife interposed an answer denying the adultery, and pursuant to an order of the Special Term the issues of fact raised by these pleadings were tried on February 5, 1904, before a jury, which found that the defendant had committed adultery with said Lawton during the year mentioned. At this trial the co-respondent appeared and testified as a witness. Thereafter the case was brought on at Special Term, and in conformity with the verdict previously rendered at Trial Term an interlocutory judgment was entered in favor of the plaintiff granting him a divorce, which, however, was reversed on appeal to this court (Boller v. Boller, 96 App. Div. 163, 89 N. Y. Supp. 200), and the case was thereupon restored to the Special Term calendar. This was the situation when the co-respondent, on March 25, 1905, through his attorney, served by mail upon plaintiff's attorney a notice of appearance and a demand that a copy of the summons and complaint be served upon him. On March 28th the plaintiff complied with this demand, and on April 17th the co-respondent served plaintiff with a copy of his answer, being a general denial as to him of the charge of adultery. When the case thereater came on for hearing at Special Term, on April 19th, the co-respondent moved to strike it from the calendar on the ground that he had received no notice of trial since the joinder of issue. Upon this subject it was shown by affidavit that at the time the plaintiff served upon the co-respondent a copy of his summons and complaint, March 28th, he also served a notice of trial, stating that the action would be brought to trial on April 18th; but this notice was returned by the co-respondent on the ground that it was served before he had answered and before issue had been joined as to him. Although no other or subsequent notice of trial had been given, the co-respondent's motion to strike the case from the calendar was denied, as was also his motion to have the issues of fact raised by his answer tried by a jury. The plaintiff thereupon, and against the co-respondent's objection, was permitted to introduce in evidence the minutes of the previous trial before the jury and the record of the verdict finding that the wife had committed adultery with the co-respondent. Notwithstanding the fact that the issues raised by the co-respondent's answer had not been disposed of, and that he duly demanded a trial of those issues, the court, upon the record of the previous trial, awarded plaintiff his interlocutory judgment of divorce on the ground of adultery as found by the jury.

It is from this judgment that the separate appeals have been taken by the wife and the co-respondent, and we are called upon to determine the rights of the latter under the circumstances above stated—whether, after having come into the action and served an answer denying his participation in the alleged adultery, he could be deprived of a trial of this issue of fact. Section 1757 of the Code of Civil Procedure, upon which the co-respondent relies, provides that:

"In an action brought to obtain a divorce on the ground of adultery, the plaintiff or defendant may serve a copy of his pleading on the co-respondent named therein," who "at any time within twenty days after such service * * * may appear to defend such action, so far as the issues affect" him.

The section further provides that:

"If no such service be made, then at any time before the entry of judgment any co-respondent named in any of the pleadings shall have the right, at any time before the entry of judgment, to appear either in person or by attorney, in said action and demand of plaintiff's attorney a copy of the summons and complaint, which must be served within ten days thereafter, and he may appear to defend such action, so far as the issues affect such co-respondent."

In approaching the consideration of this section, it must be borne in mind that the Legislature, in the exercise of its authority to regulate marriage and divorce for the welfare of society and the state, may prescribe the procedure which must be observed in order to dissolve the marital relations or to secure the rights of one named as co-respondent. The validity of the act is not attacked, there being here involved merely the question of its construction. It is our duty, therefore, to ascertain its meaning and scope, and then give it force and effect. If the language is clear and unambiguous, we cannot warp or twist its meaning because we think that a statute different in terms from the one enacted would be better suited to adjust the equities between particular litigants. The record before us undoubtedly shows that the present co-respondent has been guilty of a long and vexatious delay in invoking the protection of the statute, and while his conduct does not commend itself to the court, nevertheless we have no power, for that reason, to deprive him of a right given by the law. The appellant Lawton knew that he was named co-respondent in the complaint. He appeared as a witness before the jury when the issue of defendant's alleged adultery with him was tried. He made no attempt at that time to intervene, but, on the contrary, waited until all questions of fact raised by the complaint and answer had been determined in plaintiff's favor, before he demanded an opportunity to be heard. He has resorted to dilatory tactics, which we do not hesitate to condemn; but, conceding that to be so, he cannot be denied the right conferred upon him by the statute "at any time before the entry of judgment" to "appear to defend such action, so far as the issues affect" him as co-respondent.

In defining the status of a co-respondent under this section, the Appellate Division of the Fourth Department, in Billings v. Billings, 73 App. Div. 69, 76 N. Y. Supp. 628, said through Mr. Justice Williams that:

He "is not, by the terms of the statute, called a defendant; but he is allowed to appear and defend the action, and may very properly be regarded as a party defendant from the time he appears and serves an answer to the complaint. He is not obliged to defend, and cannot be compelled to do so. His appearance is voluntary; but, if he elects to come into the action, he ought to be regarded and treated as a party defendant from that time."

And by one of the judges of this department at Special Term it was said (Rixa v. Rixa, 35 Misc. Rep. 227, 71 N. Y. Supp. 815) that:

"When a person is given the privilege of appearing and defending an action by express legislative enactment, he thereby becomes a party to such action, and as such becomes vested with all the rights and privileges of a party, except as limited by statute."

By way of argument we may refer to section 452 of the Code, which, although relating to a different subject, yet contains similar provisions, and by analogy throws light upon the question now presented. That section provides in part that:

"Where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

That section was before the courts for consideration in Wood v. Swift, 81 N. Y. 31, where certain parties had been brought in as defendants after the action had been referred, the evidence taken, and the case finally submitted to the referee for his decision on the merits. The court, although granting the application bringing in the new parties, directed by its order that the case should remain and continue for trial before the referee, the same as if the new parties had been parties from the beginning of the action; they to have the privilege, however, of cross-examining the witnesses previously produced and examined before the referee. On appeal, however, it was held that so much of the order as directed the case to continue before the referee, with the right of cross-examination of witnesses, was erroneous; Judge Earle saying that the court "could not compel" the new parties "to accept the referee who had been appointed, and to accept the evidence which had been taken, even the right of cross-examination which was secured to them." And in further discussing the rights of the appellant, who was one of the new parties brought into the action, he said:

"The action does not appear in the papers before us to be one which could be referred without consent. The appellant had the right to have the case tried by the court or a jury, and he at least had the right to be heard as to the appointment of a referee, and he had the right to be present when the witnesses were sworn and examined."

It is true that section 452 provides that a person specified shall be made a party to the action, while section 1757 does not in terms so recite; but from the language used in the latter section we are of the opinion, as already indicated, that it was the purpose of the Legislature to give a co-respondent the rights of a party to the action in so far as the issue of adultery affected him. Any other interpretation would render meaningless the words which permit him at any time before the entry of judgment to "defend" the action.

Nor do we find in the section language which, either expressly or by implication, confines a co-respondent, as suggested in the opinion of Mr. Justice INGRAHAM "to the defense of the undisposed-of issues at the time he comes into the litigation." If it had been the intent of the Legislature to so limit a co-respondent's rights, such limitation could have readily been expressed in the accurate and proper words used by the learned justice in his opinion, and the fact that no such words are found in the section itself is strong evidence that the Legislature did not intend to impose any such limitation. On the contrary, it seems to us that the Legislature intended, as suggested by Mr. Justice Williams in the Billings Case, supra, that a co-respondent should be regarded as a

party to the action in so far as the issue of adultery affected him, with all the rights of a party.

If the plaintiff had desired to guard against vexatious delay caused by the belated application of the co-respondent, it was within his power to do so by serving a copy of his complaint upon the co-respondent in the first instance, as permitted by the section. This he did not do. So he is equally responsible with the co-respondent for the present situation. A case may arise wherein a co-respondent named in a divorce action may be outside the state, and may be ignorant of its pendency until the issues involving his good name have been disposed of by the jury. Under such circumstances it would be unjust and contrary to the statute to deprive him of the opportunity to be heard in the action or to present evidence upon the issues so far as they affect him; yet such a result would follow under the view, taken by Mr. Justice INGRAHAM, that a co-respondent only has the right to defend such issues as may be undisposed of at the time he comes into the litigation. The statute is salutary and remedial, and the reason for its enactment apparent. It was designed to prevent innocent parties from being charged with immorality and convicted without an opportunity of defending themselves. If it is to effect this purpose, as expressed by its language, which is clear and certain, it should be construed so as to extend to a co-respondent the rights of a party to the action in so far as the issues affect him; and if everything that has taken place prior to his coming into the action is a sealed book, which he is forbidden to open, the end sought by the statute cannot be accomplished. I think, therefore, the court erred in refusing to the appellant the right to litigate the issues raised by his answer, and in entering judgment while such issues were undisposed of.

The judgment appealed from should therefore be reversed, and a new trial ordered, with costs to the appellant Lawton to abide the event.