### DICKS v. DICKS et al. .

(Supreme Court, Appellate Division, Second Department. February 7, 1913.)

DIVORCE (§ 151*)—APPEARANCE BY CO-RESPONDENT—RIGHT TO RETRIAL.

Under Code Civ. Proc. § 1757, subd. 2, providing that, in an action for divorce on the ground of adultery, any co-respondent shall have the right, at any time before the entry of judgment, to appear and defend the action so far as the issues affect him, a co-respondent, who, a few days after learning of the pendency of the action, though after verdict rendered, served plaintiff's attorney with notice of appearance and demand for a copy of the complaint, which notice was accepted and a copy of the complaint furnished, was entitled to have his default opened and the interlocutory judgment set aside, so as to give him an opportunity to litigate the issues so far as they affected him.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 509–513; Dec. Dig. § 151.*]

Appeal from Special Term, Orange County.

Action for divorce by Joseph C. Dicks against Jennie E. Dicks, with Michael Sullivan as co-respondent. From an order of the Special Term, said Michael Sullivan appeals. Order reversed, and motion granted, vacating the interlocutory judgment previously entered in the case, and permitting the co-respondent to appear and defend such action so far as the issues thereof affected him.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Wm. A. Parshall, of Port Jervis, for appellant.
Richard A. Rendich, of Middletown, for respondent.

BURR, J. It is not necessary to decide whether the co-respondent is entitled as matter of right to appear and defend this action so far as the issues affect him. Code of Civil Procedure, § 1757, subd. 2. In Boller v. Boller, 111 App. Div. 240, 97 N. Y. Supp. 609, relied upon by respondent, Mr. Justice Ingraham, writing for the majority of the court, says:

"I would have no doubt of the power of the court upon a proper case presented to set aside a verdict, decision, or any other proceeding that had been completed in the action before the appearance of the co-respondent, and thus give him an opportunity to defend; but no such application in this case was made, and no facts were presented that would justify the granting of such an application. * * * I have no doubt of the power of the court to set aside a verdict, where it is necessary to give the co-respondent a hearing for his protection; but certainly, where he had full knowledge of the action and the charges made, and was a witness on the trial, his subsequent appearance should not affect the validity of the determination of the issues,

and compel the plaintiff again to go through with the trial which has been determined in his favor."

In that case it appeared that the co-respondent had knowledge of the pendency of the action, appeared upon the trial thereof, was examined as a witness on behalf of the defendant, and took part in the trial. In the case at bar the contrary appears. In addition, within a few days after the co-respondent learned of the pendency of this action, he served a notice of appearance upon the attorney for plaintiff, and demanded a copy of the complaint. His notice of appearance, which contained a statement that it was served pursuant to the provisions of subdivision 2 of section 1757 of the Code of Civil Procedure, was accepted by plaintiff's attorney, and thereafter a copy of said complaint was served upon his attorney in accordance with such demand. If this appearance was timely, and appellant was entitled as a matter of right to a copy of said complaint, it must follow that he was equally entitled as matter of right to appear and defend such action, so far as plaintiff's allegations related to him. If his appearance was not timely, because after verdict rendered, then, if plaintiff's conduct in accepting his notice of appearance and serving upon his attorney a copy of the complaint did not constitute a waiver of his default, it is at least a cogent circumstance to be considered upon an application to open such default and to set aside the interlocutory decree which was not filed until nearly a month thereafter. We think, upon the facts here disclosed, that the co-respondent should be given an opportunity to litigate the issues so far as they relate to him.

It is urged that the effect of such a decision will be to compel plaintiff a second time to litigate an issue already decided in his favor. That may be. But it was entirely within his power to avoid such a result by serving a copy of his pleading on the co-respondent named therein. Code of Civil Procedure, § 1757, subd. 2. Having failed to do this, under the circumstances here disclosed, he may not be heard to object to a motion, promptly and seasonably made on behalf of the co-respondent, to protect himself against the effect of the verdict previously rendered.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to the extent of vacating the interlocutory judgment previously entered, and permitting the co-respondent to appear and defend such action, so far as the issues thereof affect him. All concur.