(156 App. Div. 379.)

SHAW v. SHAW et al.

(Supreme Court, Appellate Division, Second Department.   April 30, 1913.)

1. DIVORCE (§ 151*)—JUDGMENT—SETTING ASIDE—MOTION OF CO-RESPONDENT —"PROOF."

 The papers in support of the motion for the co-respondent in divorce for adultery to set aside the interlocutory judgment, and for submission of issues for her vindication, showing that examinations by physicians reveal physical conditions indicating her virginity, the motion should not be denied because of counter affidavits that the described state is not "proof" of such fact; they not stating it is not evidence of it.

 [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 509–513; Dec. Dig. § 151.*

 For other definitions, see Words and Phrases, vol. 6, pp. 5684–5686.]

2. INFANTS (§ 87*) — ACTIONS — DIVORCE — JUDGMENT — SETTING ASIDE — MO-TIONS OF CO-RESPONDENT AND GUARDIAN AD LITEM.

 The co-respondent in divorce for adultery being an infant, not repre-sented at the trial by her guardian ad litem, denial of her motion to set aside the interlocutory judgment and for a hearing for her vindica-tion does not affect such a motion subsequently made for her by a guard-ian ad litem.

 [Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 248, 250–252; Dec. Dig. § 87.*]

Appeal from Special Term, Kings County.

Action by Gertrude L. Shaw against William Barrett Shaw for di-vorce; Lottie Goodman, an infant, being named as co-respondent. From an order (140 N. Y. Supp. 388) granting motion of the co-re-spondent, by Pauline Goodman, her guardian ad litem, plaintiff ap-peals.   Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Robert F. Manning, of Brooklyn (George C. Buechner, of Brook-lyn, on the brief), for appellant.

Benjamin Reass, of New York City, for respondent.

THOMAS, J.   The plaintiff had an interlocutory judgment for di-vorce, entered May 27, 1912, which was affirmed by this court in Feb-ruary, 1913.   On July 12, 1912, the only co-respondent appeared and demanded a copy of the complaint, which was served.   The co-re-spondent answered, and moved to set aside the interlocutory judgment and to settle issues, and from the granting order this appeal is taken.

[1] The motion papers show that examinations by physicians re-veal physical conditions in the co-respondent indicative of virginity.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plaintiff offered the testimony of several physicians that the described state does not prove that fact, but none states plainly that it is not evidence of it. Proof is the sum of evidence that establishes the fact to be ascertained. A fact itself may be so evidential as to prove an issue, or it may only tend to prove it. Does the co-respondent's condition tend to prove, although it does not establish—that is, prove— her innocence? The examining physician, appointed by the court, found intact the virginal membrane, but would not affirm or deny virginity. Another examining physician confirmed the general appearance of virginity; another predicated upon it his judgment that "it would be absolutely impossible for an intercourse to have taken place"; while another examiner declared that "this girl has never been interfered with by a man." Against such testimony that of several physicians is arrayed. Their opinion is that from the conditions discovered by the examining physicians "it is impossible to state whether she ever, has had sexual intercourse"; that the presence of the intact hymen "is not proof that a woman is a virgin." These experts do not state that such perfect condition is not valuable evidence of virginity, but that the "mere presence" does not establish it. The mere conditions may not assure an irrefragible conclusion, for there may be exceptions. As one of plaintiff's experts states:

"It is possible, in certain cases, for intercourse to have occurred without any apparent disturbance of the hymen."

But the determination of an issue of fact depends upon probabilities, and if the testimony of the examining physicians aid the probability of the co-respondent's chastity it should be heard, although there is a possibility that the physical phenomena do not imperatively demand her vindication.

[2] It may be again urged that the co-respondent cannot be permitted to intervene after the entry of the interlocutory judgment; but the statute makes the judgment the limit of her opportunity, and the court should abide by it. The motion of the co-respondent was to set aside the interlocutory judgment, but the denial does not affect the motion by her guardian ad litem.

The order should be affirmed, with $10 costs and disbursements. All concur.