### HOWATT v. HOWATT et al.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

1. DIVORCE (§ 181*)—INTERLOCUTORY JUDGMENT—REVIEW—NOTICE OF APPEAL —DEFAULT JUDGMENT.

Where an interlocutory judgment for plaintiff, in an action for divorce, was entered by default, and was not specified in the notice of appeal, as required by Code Civ. Proc. § 1301, it was not reviewable.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 567; Dec. Dig. § 181.*]

2. DIVORCE (§ 160*)—INTERLOCUTORY JUDGMENT—MOTION FOR FINAL JUDGMENT—DELAY.

After an interlocutory judgment for divorce by default entered June 1, 1912, defendant obtained an order to show cause why the interlocutory judgment should not be vacated, and on September 14th obtained an order opening the default on conditions with which he did not comply, providing that on such failure the motion should be deemed denied. On October 1st defendant was served with notice of trial at a term which began on the 21st of that month. Defendant appealed from the order vacating the judgment and from the conditions imposed, but the appeal was dismissed by consent for want of prosecution on January 7, 1913, and on February 8th plaintiff applied for final judgment, which was granted. *Held* to constitute a sufficient excuse for plaintiff's delay beyond three months and fifteen days in applying for final decree.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 521; Dec. Dig. § 160.*]

3. DIVORCE (§ 160*)—INTERLOCUTORY JUDGMENT—FINAL JUDGMENT—DELAY— EXCUSE.

Where plaintiff, in an action for divorce, has delayed applying for final judgment beyond the three months and fifteen days, it is better practice to have an order entered excusing the delay and directing final judgment, but the entry of final judgment under the signature of the trial judge answers the requirement of Code Civ. Proc. § 1774, providing that the delay must be excused.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 521; Dec. Dig. § 160.*]

4. DIVORCE (§ 161*)—INTERLOCUTORY JUDGMENT—VACATION—CONDITION.

Where an order setting aside an interlocutory judgment and permitting defendant to defend was conditional, and provided that the motion should

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be deemed denied in case of a failure to perform the conditions imposed, it was not necessary that such order be revoked on defendant's failure to perform the conditions before the entry of a final judgment for plaintiff.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 522–526; Dec. Dig. § 161.*]

5. DIVORCE (§ 161*)—INTERLOCUTORY JUDGMENT—VACATION—CONDITION—WAIVER.

Conditions imposed on defendant in an action for divorce for the vacation of an interlocutory judgment entered by default and granting him leave to defend requiring that he pay costs and back alimony were not waived by plaintiff's serving notice of trial before the conditions were performed.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 522–526; Dec. Dig. § 161.*]

6. DIVORCE (§ 161*)—CORESPONDENT—RIGHT TO INTERVENE—INTERLOCUTORY JUDGMENT.

A corespondent, in an action for divorce, is not entitled, as of right, to intervene after the entry of an interlocutory judgment for plaintiff, and to have the issues reopened and retried in order to assert her defense as far as her complicacy is charged.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 522–526; Dec. Dig. § 161.*]

Appeal from Special Term, Ulster County.

Action by Helen E. Howatt against Thomas Howatt and Martha A. Baeder, corespondent. From a judgment for plaintiff, defendant and corespondent appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

J. B. Merrill, of Long Island City (J. Brownson Ker, of New York City, of counsel), for appellants.

Samuel M. Levy, of New York City, for respondent.

SMITH, P. J. A short chronological statement of the proceedings in this case will serve to clarify the questions which have arisen. The action is brought for divorce on statutory grounds. Issue was joined by the answer of defendant upon the 30th day of January, 1912. Thereafter an order was granted requiring the defendant to pay plaintiff $10 a week alimony from the 1st day of April, 1912. Upon the 6th day of May defendant failing to appear, after notice of trial duly served, an inquest was taken by the plaintiff. Proof was made of the fact of adultery and findings of fact and of law were signed by the trial judge, and an interlocutory judgment was directed and was entered in the Ulster county clerk's office on the 1st day of June, 1912. Thereafter, and upon the 23d day of July, an order to show cause was obtained by the defendant why the interlocutory judgment should not be vacated, and in that order a stay was provided. The hearing upon the order to show cause was not had until the 14th day of September, at which time an order was made opening the default and vacating the judgment upon condition that the plaintiff in 20 days pay the back alimony and $10 costs of the motion. The order provided that, in case of failure to pay such amounts, the motion should be deemed denied. This order was entered upon the 3d day of October,

and upon the 4th day of October a copy was served upon the defendant. Upon the said 4th day of October the plaintiff served a notice of trial for a term of the Supreme Court sitting in Ulster county, which began upon the 21st day of October. At the opening of court the plaintiff not responding the case was stricken from the calendar. Thereafter a motion was made by the plaintiff to restore the same to the calendar, which motion was denied by the justice presiding. Upon the application to restore the case to the calendar, it was stated in the affidavit of the plaintiff that the defendant had not complied with the condition of the order opening the default and had not paid the costs or the back alimony. It will be borne in mind that the 20 days within which the defendant was allowed to comply with the condition of the order did not expire until the 24th day of October. Meantime and upon the 18th day of October, the corespondent, Martha A. Baeder, served a notice of appearance, and demanded a copy of the complaint. This copy of the complaint was served upon the 21st day of October upon the corespondent, and her answer was served upon the plaintiff's attorney upon the 9th day of November. Upon the 1st day of November the defendant appealed from the order vacating the judgment or from the conditions imposed in such order, but failed to serve his printed papers, and a motion was made to the Appellate Division to dismiss the appeal. Thereafter, and upon the 7th day of January, 1913, by consent of both parties, the appeal was dismissed in the Appellate Division. Upon the 20th day of January the plaintiff made application for final judgment, reciting the history of the case substantially as is hereinbefore set forth. This was opposed both by the defendant and by the corespondent. The motion was argued upon the 8th day of February, and final judgment was granted and entered upon the 17th day of February. In that final judgment it was stated that the plaintiff's delay in the applying therefor had been sufficiently excused. It is from this final judgment that the appeal is taken both by the defendant and the corespondent.

[1-4] First, considering the appeal of the defendant Howatt, it is apparent that the interlocutory judgment is not reviewable upon this appeal. First, because it is not specified in the notice of appeal. Code of Civil Procedure, § 1301. Again, because it was entered by default, the defendant not appearing before the trial court to oppose the application. The appeal then simply brings in question the plaintiff's practice and right to final judgment after it had been directed by the interlocutory judgment. It is first contended that the delay beyond the three months and fifteen days had not been excused. From the statement of the proceedings in the case, however, it would appear to have been abundantly excused. It is claimed, however, that section 1774 of the Code of Civil Procedure requires a special order excusing the delay. While the practice would have been more regular to have entered an order excusing the delay and directing a final judgment, the practice adopted of entering the judgment under the signature of the trial judge is the practice very commonly adopted, and the practice which to my mind answers every requirement of the Code. But, were it otherwise, the court would now direct nunc pro

tunc an interlocutory order to be entered in order to sustain this judgment. It is contended on behalf of the defendant that the interlocutory judgment was once opened and the plaintiff is not in a position to move for final judgment until an order of the court had been made revoking the opening of that judgment by reason of the failure of the plaintiff to comply with the conditions therein named. But the order itself provided that upon the failure to comply with such conditions the application to open the judgment should be deemed denied. Moreover, the granting of the final judgment in this case upon papers showing these facts may itself be deemed a direction of the court that the interlocutory judgment be reinstated so far as may be necessary to authorize the entry of the final judgment.

[5] The main contention of the defendant, however, is that the conditions in the order have been waived. A number of cases have been cited to the effect that a stay of proceedings for nonpayment of costs is waived by service of a notice of trial. In the case at bar, however, this was not simply a stay of proceedings. A favor had been granted upon the compliance with certain conditions. The court will be slow to hold that the performance of those conditions have been waived simply by the service of a notice of trial, so that, if the conditions were performed and the interlocutory judgment vacated, the plaintiff might have a speedy determination of the issue. It would be unjust to the plaintiff to require him to lose the benefit of the October term of a country circuit in order to save his rights to the performance of the conditions of the order opening the interlocutory judgment. In fact, the defendant himself did not so interpret the order, because upon the 1st of November he appealed from that part· of the order imposing those conditions, which appeal would have been wholly unnecessary if the conditions had been waived by the plaintiff by any proceedings that he had taken in the action. The Special Term found no evidence of any intention on the part of the plaintiff to waive the conditions imposed upon the opening of the interlocutory judgment, and we are of the opinion that his conclusion was justified upon all the facts of the case. The defendant has shown no reason why the final judgment was not properly granted.

[6] As to the corespondent, it may well be doubted whether the right given her under section 1757 of the Code of Civil Procedure survives the entry of interlocutory judgment. After the entry of the interlocutory judgment against the original defendant, the court would have undoubted power upon his application to open the judgment and to allow him to defend, and such orders have frequently been made. In the case at bar, however, no such application was made. This corespondent asserts the right to come in even after the entry of the interlocutory judgment and to have the issues reopened and retried, in order that she may assert her defense as far as her complicity is charged. But this position is sustained neither by reason nor by authority. The rights of a corespondent appearing at a later state of the action has been fully considered in the case of Boller v. Boller, 111 App. Div. 240, 97 N. Y. Supp. 609. It is there held that a corespondent comes into the action as she finds it and without special applica-

tion cannot have a retrial of issues already determined. The case of Dicks v. Dicks, 155 App. Div. 418, 139 N. Y. Supp. 1068, and Shaw v. Shaw, 155 App. Div. 252, 140 N. Y. Supp. 109, were both cases decided upon special application by the respondent, and in neither one of those cases was the case of Boller v. Boller, supra, questioned.

We have considered the other questions raised by the appellants, and find no reason for reversing the final judgment entered herein. The judgment should, therefore, be affirmed, with one bill of costs against the defendant Howatt. All concur.