(170 App. Div. 172)

### STAFFORD v. STAFFORD et al.

(Supreme Court, Appellate Division, Fourth Department. November 24, 1915.)

DIVORCE ⚹162—PROCEEDINGS—STAY ON APPLICATION OF CORESPONDENT—VERIFICATION.

    Where, in a wife's action for divorce, the corespondent's application for stay of entry of interlocutory judgment in favor of the wife, until after the issues raised by the corespondent's proposed answer should be disposed of, was based solely upon her attorney's affidavit, and was not supported by her own affidavit denying the truth of the charges of the complaint, the stay was properly denied.

    [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 527; Dec. Dig. ⚹162.]

    Kruse, P. J., and Lambert, J., dissenting.

Appeal from Special Term, Erie County.

Suit for divorce by Augusta C. Stafford against Frank B. Stafford, in which Kate Heins was named as corespondent. From an order denying the corespondent's application for a stay of entry of interlocutory judgment for a divorce in favor of the plaintiff against the defendant until after the issues raised by the answer to be interposed by the corespondent should be disposed of, and for an order striking the case from the calendar, the corespondent appeals. Order affirmed.

See, also, 165 App. Div. 27, 150 N. Y. Supp. 212; 167 App. Div. 956, 152 N. Y. Supp. 1144; 154 N. Y. Supp. 1146.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

E. C. Schlenker, of Buffalo (Jay C. King, of Buffalo, of counsel), for appellant.

Lafay C. Wilkie, of Buffalo (Clifford J. Chipman, of Buffalo, of counsel), for respondent Augusta C. Stafford.

Falk, Phillips & Schlenker, of Buffalo, for respondent Frank B. Stafford.

---

PER CURIAM. The action is for a divorce on the ground of adultery alleged to have been committed by the defendant with the corespondent, Kate Heins. The defendant interposed an answer denying the charges of adultery. The issues as to defendant's adultery were, pursuant to order of the court, tried by a jury, and were determined in favor of the plaintiff. Shortly after the jury's verdict was had, and before the plaintiff's application for interlocutory judgment was to be heard at Special Term, a notice of appearance in said action by the attorney for the corespondent and a demand of service of a copy of the complaint was served on plaintiff's attorney. No copy of the summons and complaint in said action had been theretofore served upon the corespondent.

Corespondent's application, which was denied by the order appealed from, was based solely upon the affidavit of her attorney. It is therein alleged that he was authorized by her to appear for her and take such action as he deemed advisable, and that he thereupon served upon plaintiff's attorney a notice of appearance for her, and a demand that a copy of the summons and complaint be served upon him as such attorney. He further alleges that, after a copy of the summons and complaint shall have been served, "on behalf of said Kate Heins, at her request, he intends to serve an answer denying the allegations of the complaint in so far as they relate to the corespondent, Kate Heins." Beyond the purpose of plaintiff's attorney, thus alleged, to interpose an answer at the request and in behalf of the corespondent, nothing appears in the affidavit upon which the motion is based tending in any way to controvert the allegations in the complaint as to the adultery of the defendant with the corespondent. The corespondent's application for a stay should at least have been supported by her affidavit, denying the truth of the charges of adultery made in the complaint. Having failed to do this, the stay was properly denied.

We do not pass upon the question whether, if such affidavit had been presented, a stay might properly be granted, as in our view of the case that question is not now before us.

Order affirmed, with $10 costs and disbursements but without prejudice to a new motion at Special Term upon proper papers for the relief sought by the present motion.

KRUSE, P. J. (dissenting). Subdivision 2 of section 1757 of the Code of Civil Procedure permits a plaintiff or defendant to serve a copy of his pleading in an action to obtain a divorce on the ground of adultery upon the corespondent named therein, and provides that within 20 days after such service the corespondent may appear to defend such action so far as the issues affect such corespondent. It further provides:

"If no such service be made, then at any time before the entry of judgment any corespondent named in any of the pleadings shall have the right, at any time before entry of judgment, to appear either in person or by attorney, in said action and demand of plaintiff's attorney a copy of the summons and complaint, which must be served within ten days thereafter, and he may appear to defend such action, so far as the issues affect such correspondent."

The plaintiff proceeded with the trial without serving a copy of the complaint upon the corespondent, and the jury found by their verdict that the defendant had committed adultery with the corespondent as charged in the complaint, and the verdict rests solely upon that charge. After the trial, but before judgment, the corespondent appeared by attorney and demanded a copy of the summons and complaint; but plaintiff insisted that the corespondent was not entitled to defend the charge so made against her, because the trial had already taken place, and that judgment should be entered upon the verdict without giving the corespondent an opportunity to defend such charge. An application to stay the entry of interlocutory judgment until after the issue raised by the answer to be interposed by the corespondent was denied, and the corespondent appeals from that order.

I am of the opinion that the corespondent has the right to serve her answer and defend the action, notwithstanding the trial has taken place, so far as the issue affects the corespondent. The statute seems to contemplate that the corespondent may, at any time before entry of judgment dissolving the marriage, come in and defend the action. Whether the judgment referred to in the statute means the interlocutory judgment or the final judgment need not be decided, because here not even the interlocutory judgment had been entered when the corespondent appeared and served her demand. While the courts have discussed the meaning of this subdivision (Boller v. Boller, 111 App. Div. 240, 97 N. Y. Supp. 609; Dicks v. Dicks, 155 App. Div. 418, 139 N. Y. Supp. 1068; Shaw v. Shaw, 156 App. Div. 379, 141 N. Y. Supp. 425; Howatt v. Howatt, 158 App. Div. 28, 142 N. Y. Supp. 908), and there are expressions in some of the opinions tending to sustain the construction contended for by the plaintiff, I think none of the decisions actually sustains that contention.

The language of the statute seems plain, and gives to the corespondent, as I think, an absolute right to make her defense at any time before judgment, unless the summons and complaint is served upon the corespondent, in which case the corespondent must appear within 20 days after such service. It is true that no answer had been served on behalf of the corespondent at the time the application for a stay was made, nor does it appear that the plaintiff had complied with the corespondent's demand for a copy of the complaint. It does appear, however, by the affidavit of her attorney, that after a copy of the summons and complaint is served he intends on behalf of the corespondent to serve an answer denying the allegations of the complaint so far as they relate to the corespondent.

I am of the opinion that under the circumstances the entry of the interlocutory judgment should be stayed, at least until the time for serving such an answer expires, and, if such an answer is served, then till the trial of the issues raised thereby.

LAMBERT, J., concurs.