GERALDINE FARRAR TELLEGEN, Respondent, *v.* LOU TELLEGEN, Defendant, Impleaded with STELLA ADLER, also Known as STELLA LARRIMORE, Appellant.

First Department, May 4, 1923.

**Husband and wife — divorce — corespondent is party within Civil Practice Act, § 1149, and has right to jury trial of issue of adultery as provided in that section — delay until case referred not bar where summons and complaint was not served on corespondent until demand made.**

A person named as corespondent in an action for divorce is a party to the action within section 1149 of the Civil Practice Act and is entitled to a jury trial of the issue of adultery as a matter of right, as provided by that section.

The fact that the corespondent delayed appearing in the action and moving for a jury trial until after the case had been referred does not bar her right to a trial by jury of the issue of adultery, where the summons and complaint was not served on her until she had appeared and made demand therefor.

APPEAL by Stella Adler, corespondent, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of April, 1923, denying her motion for a trial by jury of the issue of adultery, as it affects her, and for the framing of issues for that purpose.

*Louis B. Brodsky* [*Henry Clay Greenberg* with him on the brief], for the appellant.

*Guggenheimer, Untermyer & Marshall* [*Samuel Untermyer* of counsel], for the respondent.

16

DOWLING, J.:

This action for an absolute divorce was brought by plaintiff against defendant on October 10, 1921, and the summons and complaint were served on him on October eleventh. The defendant answered, denying the material allegations of the complaint, and when the case appeared upon the day calendar of Special Term, Part III, Supreme Court, New York County, for trial on January 4, 1923, it was by stipulation referred to a referee, who took evidence and before whom the matter was still pending, undetermined, when this motion was made.

Among the corespondents named in the complaint was the appellant herein, Stella Adler, otherwise known as Stella Larrimore, with whom defendant was charged to have committed adultery on September 4, 5, 6, 8, 9, 10, 11, 17 and 18, 1921, at No. 730 Riverside Drive, New York city, and on September tenth and eleventh at or about Riverside Drive and One Hundred and Eighteenth street in said city. No copy of said summons and complaint was served on said corespondent.

On March 23, 1923, the corespondent voluntarily appeared herein and caused her attorney to serve a notice of appearance on her behalf, after which a copy of the summons and complaint was served upon her attorney, to which she entered an answer, verified March 26, 1923. Thereupon she made a motion on March 28, 1923, asking for a jury trial of the issues of adultery as against her, and submitted two questions for decision by the jury: *First*, as to the alleged adultery at 730 Riverside Drive; *second*, as to the alleged adultery at Riverside Drive and One Hundred and Eighteenth street.

The corespondent makes no explanation whatever of her delay in seeking to intervene in the action, or in demanding a jury trial of the issues tendered as to defendant's alleged adultery with her. One of plaintiff's attorneys makes affidavit, on information and belief, that she was fully aware of the pendency of the action and of the charges made against her, for a considerable time prior to January 4, 1923, and that the action was a subject of widespread and almost continuous newspaper comment since October 11, 1921, and has been especially a matter of general knowledge in the theatrical profession, of which corespondent is a member. He also avers, on the basis of conversations with defendant's attorney, that the corespondent was in communication with the latter prior to the first appearance of the case on the day calendar, and prior to that time had expressed her intention of defending and had consulted an attorney for that purpose; and as well that she was aware that an application to refer the case was to be made. He, therefore,

asked that the corespondent be allowed to make good her defense before the referee, but objected to a jury trial of the issue as to her.

To this affidavit the corespondent has not replied. But I am of the opinion that her application must be decided as a matter of right, and not of discretion, and that, therefore, the objections urged in the said affidavit are not material.

The right of a corespondent to appear and defend in a matrimonial action was unknown to our law until 1899, when subdivision 2 was added to section 1757 of the Code of Civil Procedure (Laws of 1899, chap. 661). This subdivision is practically the present section 1151 of the Civil Practice Act, with the part thereof relating to the costs to be allowed to a successful corespondent now section 1152 of the Civil Practice Act.

As the corespondent concededly has no constitutional right to a trial by jury, the question to be resolved is whether she has a statutory right thereto.

Section 1151 of the Civil Practice Act provides as follows:

" § 1151. Co-respondent as party in action for divorce. In an action brought to obtain a divorce on the ground of adultery, the plaintiff or defendant may serve a copy of his pleading on the co-respondent named therein. At any time within twenty days after such service on said co-respondent, he may appear to defend such action so far as the issues affect such co-respondent. If no such service be made, then at any time before the entry of judgment any co-respondent named in any of the pleadings shall have the right to appear either in person or by attorney in said action and demand of plaintiff's attorney a copy of the summons and complaint, which must be served within ten days thereafter, and he may appear to defend such action so far as the issues affect such co-respondent."

The corespondent comes within the provisions of the 3d sentence of the section, for no service of the pleading had been made upon her when she appeared in the action, and judgment had not yet been entered therein. Plaintiff does not question her right to appear and answer, and to introduce evidence in support of her defense, but claims such evidence should be presented before the referee already appointed, and that she has no right to a jury trial.

The answer to this contention must be found, if at all, in section 1149 of the Civil Practice Act, which provides: " If the answer in an action for divorce puts in issue the allegation of adultery, the court must, upon the application of either party, or it may, of its own motion, make an order directing the trial by a jury of that issue; for which purpose the questions to be tried must be

prepared and settled." This provision was formerly the second sentence of subdivision 1 of section 1757 of the Code of Civil Procedure (as amd. by Laws of 1899, chap. 661, and Laws of 1911, chap. 311).

The respondent contends that the words " either party " mean one of two parties, either plaintiff or defendant, and that if the Legislature had intended to grant the right of a jury trial to an intervening corespondent, it would have said " any party." But I think this would be a narrow view to take of the statute, and that the question turns upon whether a corespondent is a party to an action at all. For a case may well be imagined where a defendant does not desire to defend and serves no answer or takes no part in the trial, but a corespondent appears and defends, and if she is a party, the right to a jury trial given to either party would apply both to her and to the plaintiff. So, in the present case, the defendant, though denying the adulteries, does not seem to have made up his mind whether to contest the action or not, and it may well be that the only issue as to his adultery will be that between plaintiff and the corespondent, in which case the words " either party " would be equally applicable, if the corespondent is a party to the action at all.

In *Hendrick* v. *Biggar* (209 N. Y. 440, decided in 1913) the Court of Appeals determined that in a case where the corespondent had come in and defended under the 3d sentence of section 1757, subdivision 2, of the Code of Civil Procedure (the same as in the present case arising under the 3d sentence of the Civil Practice Act, § 1151), a judgment based upon the trial of such issues was an adjudication as to, and binding upon, the corespondent. Judge HISCOCK said (at pp. 443, 444): " It is true that this section provides for a somewhat anomalous practice and that a corespondent acting under it does not in the ordinary manner become a party to the action and to the judgment rendered therein. Nevertheless, he does become a party to it in a manner which, although qualified, gives him a full opportunity to defend against and contest the particular allegations which affect him. Thus there is afforded that opportunity for a full and complete trial of these issues which calls for the application of the fundamental principle governing the general doctrine of *res adjudicata* that a party shall not be heard a second time on an issue which he has once been called upon and permitted to try and contest."

In allowing a grant of costs against a corespondent who had appeared and answered in the action, but had been unsuccessful upon the trial, Mr. Justice WILLIAMS said, in *Billings* v. *Billings* (73 App. Div. 69): " The corespondent is not, by the terms of

the statute, called a defendant, but he is allowed to appear and defend the action ånd may very properly be regarded as a party defendant from the time he appears and serves an answer to the complaint. He is not obliged to defend, and cannot be compelled to do so. His appearance is voluntary, but if he elects to come into the action, he ought to be regarded and treated as a party defendant from that time."

The respondent cites the prevailing opinion in the case of *Boller* v. *Boller* (111 App. Div. 240) which holds that the statute does not make the corespondent a party to the action, and does not allow him to answer the complaint. But that case only decided that where the corespondent had full knowledge of the pendency of the action and was a witness at the trial, the court, though it had the power, would not order a new trial on the intervention of the corespondent for his protection.

In his dissenting opinion in that case Mr. Justice McLAUGHLIN said: " It is true that a corespondent is not, in express terms, made a party to the action, but this is immaterial inasmuch as he is allowed to appear and defend so far as the issues relate to him, and to this extent at least he must be considered as a party. Neither of the original parties to the action is obliged to bring him in, and if they do not, he is not obliged to come in, and cannot be compelled to do so. He, however, has a right to make himself a party to the action, and if he does so he must be regarded and treated as such, and before judgment can be entered the issues raised by an answer interposed by him must be disposed of. If he is unsuccessful in his defense, then he may be required to pay costs."

In his dissenting opinion in the same case, Presiding Justice O'BRIEN cited with approval the opinion of Mr. Justice WILLIAMS in *Billings* v. *Billings* (*supra*).

In *Dicks* v. *Dicks* (155 App. Div. 418) the decision in *Boller* v. *Boller* was distinguished, and the corespondent was allowed to intervene and his motion was granted to vacate an interlocutory judgment of divorce already entered. In *Shaw* v. *Shaw* (156 App. Div. 379) the corespondent was likewise allowed to intervene and her motion to set aside the interlocutory judgment and to settle issues was granted, even though the interlocutory judgment had been affirmed on appeal.

The cases relied on to the contrary I do not think are controlling. *Boller* v. *Boller* has been already referred to.

In *Howatt* v. *Howatt* (158 App. Div. 28) the court only held that a corespondent had no right to come in and have the issues reopened and retried, after interlocutory judgment.

In *Stafford* v. *Stafford* (170 App. Div. 172, two justices dissenting) it was held merely that a motion by the corespondent upon whom no copy of the summons and complaint had been served, made after a verdict in favor of plaintiff, to stay the entry of interlocutory judgment until the issues raised by her answer could be tried, should be denied where the motion was based only on the affidavit of her attorney, and there was no supporting affidavit by her denying the truth of the charge of adultery made against her.

In *Gunsberg* v. *Gunsberg* (200 App. Div. 870), decided upon the authority of *Boller* v. *Boller*, the original record on appeal discloses that the corespondent sought leave to come in and defend against an allegation contained in a counterclaim set up in the defendant's answer charging him with committing adultery with the plaintiff. The corespondent had not appeared or answered, but he had been called as a witness upon the trial and had testified in favor of the plaintiff. A verdict had been rendered against plaintiff, but no final or interlocutory judgment had been entered when the application for leave to defend was made. The Appellate Division in the Second Department held that the conduct of the corespondent was such as to constitute a waiver of any rights given him by section 1757 of the Code of Civil Procedure, wherefore they applied the doctrine really decided by a majority of the court in the *Boller* case, that a corespondent must be confined to a defense of the undisposed of issues at the time he comes into the litigation. None of these cases is determinative of the question here involved.

I am of the opinion that the corespondent in a divorce case is sufficiently a party to the action (certainly being made so as to the issue affecting her) to entitle her to a jury trial under the provisions of section 1149 of the Civil Practice Act. The Legislature has wisely extended the right to a corespondent to defend her good name, which otherwise might be at the mercy of a collusive suit between wife and husband. It has carried this right to the extent of permitting it to be exercised at any time up to the entry of final judgment. If a defendant, charged with violation of his marriage vows, chooses for reasons of his own not to defend the innocence of one charged to have been guilty with him, and she steps into his place to controvert those charges, as against the plaintiff, she certainly becomes the adverse party to the action, and is entitled to a jury trial. Nor is that right destroyed even if the defendant contests the action.

Nor is the delay which a plaintiff may be subjected to an answer to the application, for she had the power to avoid the delay by serving a copy of the complaint upon the corespondent at the outset of the action.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., SMITH, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.