(92 Misc. Rep. 563)

## STAFFORD v. STAFFORD.

(Supreme Court, Special Term, Erie County.   December 30, 1915.)

DIVORCE ⊙73—CO-RESPONDENT'S DEFENSE TO CHARGE—WAIVER OF RIGHT.
Code Civ. Proc. § 1757, subd. 2, gives the co-respondent the right to appear and defend the charge of adultery against her at any stage of the proceeding before entry of final judgment. On motion by the co-respondent in a wife's action for absolute divorce for an order compelling plaintiff to accept service of an answer denying the allegations of the complaint charging defendant's adultery with her, and for a stay of the entry of plaintiff's interlocutory judgment, it appeared that she attended the trial, conferred with defendant and his attorneys, and heard the testimony of plaintiff's witnesses that her residence was an assignation house; that defendant was a visitor at her house on several dates; that her son and son-in-law were sworn in her presence; that she heard the deposition of her daughter, taken with her knowledge; that she had been subpœnaed for the defense, but was not sworn; and that she was present when the verdict was rendered. *Held*, that she had waived her right to appear and defend the charge.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 245; Dec. Dig. ⊙73.]

Action for divorce by Augusta C. Stafford against Frank B. Stafford. Motion by Kate Heins for an order compelling plaintiff to accept service of her answer denying the allegations of the complaint, charging defendant's adultery with movant, and for a stay of the entry of plaintiff's interlocutory judgment. Denied.

See, also, 156 N. Y. Supp. 25.

Jay C. King, of Buffalo, for movant.
Clifford J. Chipman, of Buffalo, for plaintiff.
Falk, Phillips & Schlenker, of Buffalo, for defendant.

BROWN, J.    In this action for an absolute divorce, the issues raised by the plaintiff's complaint, charging the defendant with having committed adultery with Kate Heins, and the denial thereof on defendant's answer, were tried before a jury. The trial was held May 20th, 21st, and 24th. The co-respondent, Kate Heins, attended the trial, being present at all sessions of the court. She sat with, and frequently conferred with, defendant and his attorneys in the courtroom; heard the testimony of the plaintiff's witnesses that her residence was an assignation house; that defendant was a visitor at her house on several dates. The son and son-in-law of the co-respondent were sworn as witnesses in her presence. She heard the testimony of her daughter read from a deposition that had been taken with her knowledge. She had been subpœnaed as a witness for the defense, but was not sworn. She was present when the verdict of the jury was rendered.

The verdict of the jury was that the defendant had committed adultery with Kate Heins. On May 28, 1915, as proceedings were about to be taken in the Equity Term for the completion of the trial, and application about to be made for an interlocutory judgment of divorce, a notice was served on plaintiff's attorney, demanding a copy of the complaint on behalf of the co-respondent. Application for the interlocutory judgment was postponed until June 5, 1915, on which date findings were signed by the justice holding Equity Term, and an interlocutory judgment of divorce was ordered.

The co-respondent applied to the trial justice for an order staying the entry of the interlocutory judgment until the trial of the issue raised by the complaint and the answer that the co-respondent desired to serve, under the provisions of subdivision 2 of section 1757 of the Code of Civil Procedure, could be tried, which application was denied. The entry of such interlocutory judgment was stayed by the Appellate Division until the determination of the appeal from the order of the trial justice denying such stay was heard by the Appellate Division. On December 1, 1915, the Appellate Division affirmed the order denying such stay, upon the ground that it did not appear from the papers that the co-respondent denied the truth of the charges of adultery by affidavit or otherwise, without prejudice to a new motion at Special Term upon new papers, specifically declining to pass upon the question whether, if such denial of adultery had been presented, a stay might properly be granted, as, in the view of the Appellate Division, the question was not before it.

On June 7, 1915, the plaintiff served a copy of the complaint on the attorney who appeared for the co-respondent on 28th of May, attaching thereto a notice reading:

"In serving on you a copy of the complaint in the above-entitled action, I do not waive or intend to waive the plaintiff's right to insist that the co-respondent is not entitled to demand and receive the same after the issues have been tried and disposed of."

On June 28, 1915, the attorney for the co-respondent served a verified answer for and on behalf of the co-respondent, denying the allegation of adultery. This answer was returned, and service not accepted by the attorney for the plaintiff. Thereupon the attorney for the co-respondent made this motion to compel the attorney for the plaintiff to receive the same, which motion has been held to await the determination of the appeal to the Appellate Division above referred to. The co-respondent also moves at this time for a stay of the entry of the interlocutory judgment until the trial of the issues raised by the complaint and her unaccepted answer.

By virtue of the provisions of subdivision 2 of section 1757 of the Code of Civil Procedure, the co-respondent has the undoubted right to appear and defend the charge of adultery against her at any stage of the proceeding before entry of final judgment. Boller v. Boiler, 111 App. Div. 240, 97 N. Y. Supp. 609; Dicks v. Dicks, 155 App. Div. 418, 139 N. Y. Supp. 1068; Shaw v. Shaw, 156 App. Div. 379, 141 N. Y. Supp. 425; Howatt v. Howatt, 158 App. Div. 28, 142 N. Y. Supp. 908. It must be conceded that the statutory right of a co-respondent to appear and defend the charges against her could be waived by the co-respondent. If it could be waived by a written waiver, it is difficult to see why it could not be waived by action and conduct. The fact that the co-respondent appeared at the trial of the issues between the plaintiff and defendant, attended all sessions of the court, sat with the defendant and his attorneys, frequently consulted with them in the courtroom, heard the testimony to the effect that she was the proprietress of an assignation house, heard the testimony of the two members of her family, and all of the testimony of the plaintiff and her witnesses, would seem to have called upon the co-respondent to then and there have made known her desire to defend herself. To permit the trial to proceed to a verdict, witness all the proceedings of the trial for three days, knowing and realizing that the jury were to pass upon and decide the crucial question of her adultery, without asserting her statutory right to appear and defend herself, knowing that her rights as to that trial could only be asserted and protected by an appearance and defense before that jury, is such an acquiescence in all the proceedings that it must be held that the co-respondent has waived her right to appear and defend those proceedings.

The motion is denied, upon the ground that the co-respondent has waived her statutory rights to appear and defend the charges of adultery against the defendant, so far as they affect her, with $10 costs.